## THACKER v. WITT et al.

No. 7221—Opinion Filed July 10, 1917.

(166 Pac. 713.)

(Syllabus by the Court.)

**1. Taxation—Statutes—Validity.**

Section 7307, Rev. Laws 1910, was not repealed by chapter 152, Sess. Laws 1910-11.

**2. Statutes—Construction—Harmony.**

Where different legislative enactments have reference to the same subject and are consistent with each other they should be construed together and harmonized, if possible, so that effect will be given to each so far as is consistent with the evident intent of the latest enactment.

**3. Same—Subsequent Acts.**

Subsequent legislative enactments may be considered as an aid in the interpretation of prior legislation upon the same subject.

**4. Taxation—Assessments—Equity.**

Where the statute gives a property owner an adequate remedy whereby he could be relieved of an assessment against his property for taxes for any year in which it is not liable for taxes, equitable remedies cannot be resorted to to restrain the collection of taxes thereon.

Error from Superior Court, Custer County; Thos. A. Edwards, Judge.

Action by John Thacker against G. D. Witt, Treasurer of Custer County, and another. There was a judgment for defendants, and plaintiff brings error. Affirmed.

T. W. Jones, Jr., for plaintiff in error.

A. E. Darnell, Co. Atty., for defendants in error.

HARDY, J. Plaintiff in error, as plaintiff, commenced this action against G. D. Witt, as treasurer, and W. O. Crow, as sheriff, respectively, of Custer county, to restrain the collection of certain taxes alleged to have been assessed and levied against a stock of merchandise for the year 1912 owned by plaintiff, which was destroyed by fire on or about the 9th day of February, 1912. The defendants filed demurrer to plaintiff's petition, and upon the case being transferred from the superior court of Custer county to the district court said demurrer was sustained, and the cause dismissed, from which

judgment and order plaintiff prosecutes error. The question considered by counsel as controlling is whether in the year 1912 a stock of merchandise not in existence on the 1st day of March was subject to assessment for taxes in that year. It is the contention of plaintiff that section 7307, Rev. Laws 1910, is controlling. This section reads as follows:

"All taxable property, real or personal, shall be listed and assessed each year at its fair cash value, estimated at the price it would bring at a fair voluntary sale, in the name of the owner thereof on the first day of March of each year, as soon as practicable on or after the first Monday in March, including all property owned on the first day of March of that year, and in case of stocks of goods, wares and merchandise, the statement shall include the average amount of the same for the preceding year ending March first."

The defendants contend that section 6 of chapter 152, Sess. Laws 1910-11, controls the assessment in the present case. This section reads as follows:

"The county assessor shall on the 15th day of January each year, proceed to take a list of the taxable property, located in the county, and assess the valuation thereof as of January 1st in the following manner, to wit: By calling upon each person, firm or corporation or agent of such at his, or their place of residence, or place of business, and listing the property rendered by law in his or their names."

Chapter 152, Sess. Laws 1910-11, which defendants contend is the controlling statute, is an act creating the office of county assessor and prescribing his duties, etc., but this act does not purport to repeal or amend section 7307, Rev. Laws 1910, and makes no provision for the method of ascertaining the assessed value of stocks of merchandise as was done in section 7307. Neither does said chapter contain any provision fixing the date upon which property shall be assessed to the owner thereof. It does require the assessor to commence on the 15th day of January of each year to take a list of the taxable property located in the county and assess the valuation thereof as of January 1st, but does not make any provision as to assessing the same in the name of the owner upon a date different from that prescribed in section 7307.

It is a well-settled rule of statutory construction that where different legislative enactments relate to the same subject and are consistent with each other, they should be construed together and harmonized if possible, and made to operate together so far as is consistent with the evident intent of the latest enactment. 2 Sutherland, Statutory Const., sec. 443.

To hold that chapter 152 operated as a repeal of section 7307 would have the effect of eliminating that provision which requires property to be listed in the name of the owner thereof on the 1st day of March and of that other provision requiring that in case of stocks of goods, wares, and merchandise the statement shall include the average amount of the same for the preceding year ending March 1st. There is nothing repugnant in section 6 of chapter 152 to these requirements in section 7307. Neither do we think it was the legislative intent to repeal these provisions by the enactment of chapter 152.

In addition to the rule of construction above referred to, subsequent legislative enactments may be considered as an aid in the interpretation of prior legislation upon the same subject. Board Com'rs v. Alexander, 58 Okla. 128, 159 Pac. 311. In 1913 section 7307 was amended to read as follows:

"All taxable property, real or personal, shall be listed and assessed each year at its fair cash value, estimated at the price it would bring at a fair voluntary sale in the name of the owner thereof on the first day of January of each year, as soon as practicable on or after the fifteenth day of January, including all property owned on the first day of January of that year, and in case of stocks of goods, wares and merchandise, the statement shall include the average amount of the same for the preceding year ending January first." Chapter 240, Laws 1914, p. 630, art. 1, sec. 2.

This amendment requires property to be assessed at its fair cash value in the name of the owner thereof on the 1st day of January of each year, and also makes provision for ascertaining the average amount of stocks of goods, wares, and merchandise for the preceding year. The passage of this amendment indicates that the Legislature was of the opinion that section 6 of chapter 152 did not effect a repeal of section 7307, and this last act was passed to require property to be assessed at its fair cash value in the name of the owner thereof on the 1st day of January instead of on the 1st day of March, and also to regulate the method of assessing stocks of goods, wares, and merchandise. Whether this last act was legally enacted is not determined.

It is also contended by defendants that chapter 184, Sess. Laws 1913, legalized assessments for the year 1912. This act did not undertake to change the date upon which property was made taxable, but merely to remedy defects or informalities in the manner of performing their duties by the various taxing officials, and was not intended to cover such a contingency as is here presented.

It therefore appears that said property was not liable to assessment for the year 1912. Nevertheless the court did right in sustaining the demurrer to plaintiff's petition. By section 7354, Rev. Laws 1910, the board of county commissioners at any regular meeting of said board in January, April, July, or October, upon complaint of the person beneficially interested, his agent or attorney, may make it to appear by testimony of the claimant and at least one reputable witness, borne out by the records of the county, that property has been assessed in the county for the taxes of a year to which the same was not subject. The board is empowered to issue to the complainant a certificate of error showing that said complaint has been investigated, and that the board has been satisfied of the truth of its allegations, and directing the county treasurer to accept said payment as a payment of cash to the amount found by said board to have been unjustly assessed. This section furnished the plaintiff an adequate remedy in the premises whereby he could be relieved of the assessment against said property upon it being made to appear that said property had been destroyed prior to the 1st day of March and that same had been assessed for the year 1912. Carroll v. Gerlach, Treas., et al., 11 Okla. 151, 65 Pac. 844; Bostick v. Board Com'rs., 19 Okla. 92, 91 Pac. 1125; Milam et al. v. Smith Mauer Bros., 38 Okla. 328, 133 Pac. 33; Higgins, Neville & Boddy v. Wood, Co. Treas., 43 Okla. 554, 143 Pac. 662.

Having an adequate remedy under the statute, it was plaintiff's duty to avail himself thereof, and, failing to do so, he will not be permitted to resort to a court of equity and seek to restrain the collection thereof. Carroll v. Gerlach, Treas., et al., supra; Williams, County Clerk, v. Garfield Exchange Bank, 38 Okla. 539, 134 Pac. 863; Higgins, Neville & Boddy v. Wood, Treas., et al., supra; Board Com'rs v. Tinklepaugh et al., 49 Okla. 440, 152 Pac. 1119.

The judgment of the trial court is affirmed.

All the Justices concur, except KANE, J., absent.