## PERRINE v. STATE ex rel. EMBRY, Co. Atty.

No. 7982—Opinion Filed Jan. 13, 1919.

(178 Pac. 97.)

(Syllabus.)

1. **Intoxicating Liquors—Offenses — Repeal of Statute.**

Section 3619, Revised Laws 1910, was not repealed by section 4, c. 26, Session Laws 1913.

2. **Statutes — Implied Repeal—Statutes on Same Subject-Matter.**

Repeals by implication are not favored, and, when different legislative enactments have reference to the same subject and are consistent with each other, they must be con-

strued together and harmonized, if possible, so that effect will be given to each so far as is consistent with the legislative intent as evidenced by the latest enactment.

**3. Constitutional Law — Criminal Law — Intoxicating Liquors — Prosecutions — Double Jeopardy—Forfeiture of Estate — Due Process of Law.**

Section 3619, Revised Laws 1910, is not repugnant to sections 15, 17 or 21, art. 2, of the Constitution of this state, nor of the fourteenth amendment to the Constitution of the United States.

**4. Intoxicating Liquors — Penal Action — Erroneous Instruction—Reversal.**

Where a verdict is so clearly right that had it been otherwise the court would have set it aside, a judgment will not be reversed for the giving of an erroneous instruction.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by the State of Oklahoma, on relation of John Embry, County Attorney, against James K. Perrine. Judgment for the State, and defendant brings error. Affirmed.

McAdams & Haskell, for plaintiff in error.

John Embry, for defendant in error.

HARDY, J. The state, upon the relation of the county attorney of Oklahoma county, commenced an action to recover from James K. Perrine, under section 3619, Revised Laws 1910, the statutory penalty for willfully permitting a building owned by him to be used in violation of the prohibition laws of this state. The parties will be designated in accordance with their respective titles in the trial court. Demurrer was filed to the petition which was overruled, and, after a trial of the case, verdict was rendered in favor of the state for the sum of $2,000, and defendant prosecutes error.

It is urged that section 3619, Revised Laws 1910, upon which this action was based, was repealed by section 4, c. 26, Session Laws 1913, p. 45, and by reason thereof the state is without authority to maintain the action. Section 3619, Revised Laws 1910, provides:

"It shall be unlawful for the owner or owners of any real estate, building, structure, or room to use, rent, lease, or permit the same to be used for the purpose of violating any provision of this chapter. * * *"

Section 4, c. 26, Session Laws 1913, which it is contended operated to repeal said section 3619, is as follows:

"It shall be unlawful for any person to rent to another or keep a place with the intention of, or for the purpose of manufacturing, selling, bartering, giving away, or otherwise furnishing any spirituous, vinous, fermented or malt liquors," etc.

Said section 4, c. 26, Laws 1913, contains no express words of repeal, and, if a repeal be effected thereby, it must be implied because of an irreconcilable conflict between the two or because the latter act is intended as a complete revision of the whole subject-matter and was intended as a substitute therefor. State ex rel. Okla. City v. Superior Court, 40 Okla. 120, 136 Pac. 424; Kuchler et al. v. Weaver, 23 Okla. 420, 100 Pac. 915, 18 Ann. Cas. 462; Huston v. Scott, 20 Okla. 142, 94 Pac. 572, 35 L. R. A. (N. S.) 721. Repeals by implication are not favored, and, when different legislative enactments have reference to the same subject and are consistent with each other, they must be construed together and harmonized, if possible, so that effect will be given to each so far as is consistent with the legislative intent as evidenced by the latest enactment. Thacker v. Witt, 64 Okla. 169, 166 Pac. 713. Section 3619 makes it unlawful for the owner to "use, rent, lease or permit the same to be used for the purpose of violating any of the provisions of this chapter." Section 4, Session Laws 1913, makes it unlawful to rent to another or keep a place with the intention of or for the purpose of violating the prohibition laws. To rent a place to another with the intent and purpose that such other should use it for an unlawful purpose is an offense in which the intent is an essential element. Under this section, if the landlord's act of renting lacks the criminal intent at the time the contract was made, the subsequent use of the premises by the tenant for an unlawful purpose will not amount to an offense by the landlord. Under section 3619, where a landlord willfullly permits the premises to be unlawfully used, he will be subjected to the penalty provided thereby, even though the premises were not originally rented for an unlawful purpose. The offense of permitting the unlawful use of property is separate and distinct from that of renting the property for an unlawful use with the unlawful intent and purpose upon the part of the landlord that it should be so used. Under section 3619 the landlord might avoid a lease when the property was put to an unlawful use, but the act of 1913 does not purport to deal with this subject. Section 3619 prescribes the penalty against owners who violate that section the recovery of which is sought in this action, while the act of 1913 makes no provision therefor. These obser-

vations demonstrate that the two acts are not irreconcilably repugnant, and that the latter act does not deal with the entire subject-matter of the former and was not intended as a repeal thereof or a substitute therefor.

It is further urged that said section 3619 is in violation of various provisions of the Constitution of the state and of the fourteenth amendment to the Constitution of the United States. Similar objections were considered and denied in the case of Stout v. State ex rel. Caldwell, 36 Okla. 744, 130 Pac. 553, 45 L. R. A. (N. S.) 884, Ann. Cas. 1916E, 858. Counsel concede that the questions urged were passed upon in the case cited, but urge a reconsideration thereof and insist that the case of Stout v. State ex rel. Caldwell should be overruled. Upon a re-examination of this question and a careful consideration of the briefs of counsel and the opinion in Stout v. State, we are convinced that the conclusion in that case is correct and that the argument and reasoning of the opinion are sound and should be adhered to.

After correctly instructing the jury, the court in effect instructed them, in paragraph No. 8, that if defendant had knowledge of circumstances such as would put a prudent person, acting in good faith, upon inquiry as to whether his premises were being used unlawfully and failed to make such inquiry, he would have learned of such unlawful use, then they would be justified in finding that defendant had knowledge of such unlawful use. By section 3619 it is provided that——

"Any person who shall willfully violate the provisions of this section * * * shall be liable to a penalty of not less than one hundred dollars nor more than one thousand dollars, for each offense, to be recovered at the suit of the state. * * *"

In order to make the defendant liable for the penalty sued for, it must be established that he willfully committed the acts charged. "Willful," as defined by section 2819, Revised Laws 1910, "when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or the omission referred to. It does not require intent to violate law or to injure another, or to acquire any advantage." All that is necessary under this definition is to show that a defendant willfully permitted his premises to be used in the manner charged. Willfulness is synonymous with intentionally, designedly, without lawful excuse and therefore accidentally. Miller v. State, 9 Okla. Cr. 55, 130 Pac. 813. The instruction complained of does not state

a correct rule of law; but we will not reverse this case for that reason, for it appears that the jury could not reasonably have arrived at any other conclusion than they did.

The premises had previously been rented by defendant to a tenant, and two persons, referred to in the evidence as "the Billingsleys" and who bore the general reputation or bootleggers, bought out the tenant of defendant and thereafter ostensibly conducted a drug store upon the premises. Defendant knew that the Billingleys had acquired possession and acquiesced therein. It appears that intoxicating liquors were sold practically every day; that there was a sink equipment with running water to carry away the counter supply whenever officers appeared, and when this was done there was left a perceptible smell of whisky; that in the rear of the house back of the prescription case a bar was constructed, and there was a room with a strong door which the officers were unable to enter until an officer in citizens clothes managed to make entrance therein. The place had the general reputation of being a place where intoxicating liquors were sold and was raided frequently, and when an officer would enter the door a man at the bar would rake something into a bucket or sink which had a smell of whisky. Lookouts were maintained to watch for officers, and there was evidence to show that liquor could be smelled upon entering the door. Defendant admits he was in the drug store three or four times a week and purchased his drugs and soft drinks there, and after four or five months knew that officers frequently raided the place. His wife told the officers when they wanted to make a raid to procure the key of her so it would not be necessary to break in the door. Defendant talked to the Billingsleys, and they told him they "had not been convicted yet."

It is urged that it is not shown that he had actual knowledge of any specific violation of the law. While the statute requires that a violation thereof upon the part of a landlord shall be willful, he cannot deliberately close his eyes and refuse to examine that which it is his duty to examine and thereby escape liability. Thomas v. Taylor, 224 U. S. 73, 32 Sup. Ct. 403, 56 L. Ed. 673. The evidence shows conclusively that the defendant must have had actual knowledge that the premises were being unlawfully used, or that he deliberately closed his eyes and blindly refused to see that which it was his duty to investigate, and this is the equivalent of wrongfully permitting his premises

to be unlawfully used. If the verdict cannot be sustained upon the evidence in this record, then it will become practically a matter of impossibility to sustain a judgment in any case of this character, for a landlord may deny actual knowledge, and it will be impossible to impose liability unless proof be made that he actually saw his tenant commit the unlawful acts charged. It appearing that the verdict is so clearly right that had it been otherwise we would have set it aside, the case should not be reversed because of the instruction complained of. Mitchell v. Altus State Bank, 32 Okla. 628, 122 Pac. 666.

The judgment is affirmed.