## COCHRAN v. SULLIVAN.

No. 12278—Opinion Filed Nov. 27, 1923.

**1. Taxation — Tax Resales — Substantial Compliance With Statutes.**

Section 9743, Compiled Oklahoma Statutes, 1921, provides: "Whenever the county treasurer of any county shall bid off any real estate in the name of his county, he shall take note of such bid and purchase upon his sales record, and if any real estate so purchased by the county shall remain unredeemed for a period of two years from date of sale, and no person shall offer to purchase the same for the taxes, penalty, and costs due thereon, the county treasurer shall proceed to advertise and sell such real estate at public auction, as herein provided." Held, where property was "bid in" by the county treasurer for taxes on the 10th day of November, 1917, and was unredeemed, and was sold on November 24, 1919, under the resale act, a notice by advertisement of such resale, published from October 27, 1919, to November 19, 1919, is a substantial compliance with the provisions of the act; the actual resale being held on the day designated by the statute, the actual resale having been held more than two years after the property was bid in by the county.

**2. Same—Resale Tax Deed—Construction of Statutes.**

Section 9744, Compiled Oklahoma Statutes, 1921, providing for the execution of a resale tax deed, is not in conflict with nor irreconcilable with section 9752, Compiled Oklahoma Statutes, 1921, wherein the form of a tax deed is set forth; and where two statutes cover, in whole or in part, the same subject-matter, and are not absolutely irreconcilable, the duty of the court, no purpose to repeal being clearly expressed or indicated, is, if possible, to give effect to both.

**3. Statutes—Provisions Construed Together.**

A statute must be construed in accordance with the legislative intent, and to ascertain this intent, the various provisions of the legislative enactments must be construed together.

**4. Taxation—Tax Deed—Inclusion of Several Tracts.**

While a number of lots or parcels of land sold for taxes to the same individual may be included in one tax deed, the deed, must, on its face, show affirmatively that the different parcels were sold separately, and also the amount for which each lot or parcel of land was sold.

Commissioners' Opinion, Division No. 3.

(Syllabus by Ruth, C.)

Error from District Court, Carter County; Frank Mathews, Assigned Judge.

Action by Don A. Cochran against John W. Sullivan. Judgment for defendant, and plaintiff brings error. Reversed.

Wm. G. Davisson, for plaintiff in error.

Brown, Brown & Williams, for defendant in error.

Opinion by RUTH, C. This action was originally filed in Carter county by the plaintiff in error, Don A. Cochran, against the defendant in error, John W. Sullivan, wherein it was sought to quiet title to lots three (3) and four (4) in block forty-five (45) in the town of Wilson, Okla., and to cancel a certain deed executed by the treasurer of Carter county, seeking to convey the property to John W. Sullivan, defendant in error. The parties will be designated herein as they appeared in the court below.

It appears from the stipulation filed in this case, the lands mentioned were by the county treasurer sold for taxes on the 10th day of November, 1917, and were at such sale bid in by the county treasurer, and on November 24, 1919, the said lands were resold to defendant, such sale having been held two years and 14 days after the county "bid in" the property in 1917.

Plaintiff relies upon section 7409, Rev. Laws of 1910, as amended by House Bill 29, Session Laws 1919, which provides as follows, to wit:

"Whenever the county treasurer of any county shall bid off any real estate in the name of his county, he shall make a note of such bid and purchase upon his sales record, and if any real estate so purchased by the county shall remain unredeemed for a period of two years from date of sale, and no person shall offer to purchase the same for the taxes, penalty and costs due thereon, the county treasurer shall proceed to advertise and sell such real estate at public auction, as herein provided."

The plaintiff contends the advertisement should not commence to run until after the expiration of two years from the date the property was bid in by the county.

"A statute must be construed in accordance with the legislative intent, and to ascertain this intent, the various provisions of the legislative enactments must be construed together." Lee v. Roberts, 3 Okla. 106, 41 Pac. 595.

A careful review of all the statutes relating to sales for taxes found delinquent and opinions by this court clearly discloses that it was the intention of the Legislature to give to the owner of the land sold for taxes a period of two full years after the tax sale by the county, and its being "bid in" by the county, in which to redeem the same. Section 7410, Rev. Laws 1910, as amended by House Bill 29, Session Laws 1919, provides:

"That sales provided for in this act shall be held on the fourth Monday of November of each year in each county."

Section 7398, Rev. Laws 1910, provides for holding tax sales on the first Monday in November in each year, and from day to day thereafter etc. It is obvious that advertisement could not be made "once a week for four consecutive weeks" between the first and fourth Mondays in November, and to hold the published notice of such resale should not be first made until after the expiration of two years from the date the property was "bid in" by the county, would make it impossible for the county to sell the land until the expiration of three years. This was evidently not the intention of the Legislature, and while sales for taxes are not generally favored by the courts, governments must function, and they can only function by revenues derived from taxation, and an arbitrary limit must be placed upon the time allowed the owner to pay such taxes as are assessed against his property, and a notice duly published for four consecutive weeks before such resale as provided by section 7409, as amended (S. L. 1919), reciting that certain property will be sold on the first Monday in November, which day falls on a date more than two years after the property has been "bid in" by the county, is a substantial compliance with the statute.

Plaintiff futher complains that the deed executed by the county treasurer is void, for that it is not in conformity with section 7418, Rev. Laws 1910, wherein is set forth the form of a tax deed. This section has been constructed by this court and the law is well and definitely settled.

"While a number of lots or parcels of land sold for taxes to the same individual may be included in one tax deed the deed must, on its face, show affirmatively that the different parcels of land were sold separately and also the amount for which each lot or parcel of land was sold."

Turman et al. v. Ingram, 83 Okla. 198, 202 Pac. 993; Kramer v. Smith et al., 23 Okla. 381, 100 Pac. 532; Edridge v. Robertson, 19 Okla. 165, 92 Pac. 156; Keller v. Hawk, 19 Okla. 407, 91 Pac. 778; Lowenstein v. Perry, 18 Okla. 322, 90 Pac. 410: Weeks v. Merkle, 6 Okla. 714, 52 Pac. 929.

Defendant contends that the act of 1919 (supra), being section 9746, Compiled Oklahoma Statutes, 1921, does not furnish a form for a resale deed, and section 7418, Rev. Laws 1910, and cases cited, do not apply to such resale deed.

Section 9746, Compiled Oklahoma Statutes, 1921, provides that the resale tax deed—

"Shall expressly cancel and set aside all taxes, penalties, interest, and costs previously assessed against said real estate, including paving taxes and outstanding tax sale certificates, * * * and such deed shall contain a summary statement of the matters and proceedings of such resale."

This section also provides that the county treasurer shall make a return of such tax resales showing the real estate so sold; the name of the purchaser and the price paid by him therefor, and the excess, if any, turned into the county treasury to be held for the prior owner of the property, etc.

The deed excuted by the county treasurer to the defendant in this case was a tax deed executed by virtue of the statutes in force at the time of its execution and should conform to the form prescribed by section 7418, Rev. Laws 1910, as interpreted and construed by this court.

Section 9746, Compiled Oklahoma Statutes, 1921, in no manner conflicts with section 7418, Rev. Laws 1910, providing:

"The tax deed be substantially in the following form, to wit: ***"

—then follows the statutory form of a tax deed, and section 9746 does not set forth a form of tax deed under a resale for taxes, nor does it repeal section 7418, supra, and they must be construed together, as they cover the same subject-matter, to wit, tax deeds, and this court, in construing statutes, has held:

"Where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court —no purpose to repeal being clearly expressed or indicated—is, if possible, to give effect to both." Town of Comanche v. Ferguson, 67 Okla. 101, 169 Pac. 1075. To the same effect is Thacker v. Witt, 64 Okla. 169, 166 Pac. 713; Nettles v. Carson, 77 Okla. 219, 187 Pac. 799.

Upon considering section 9746, Compiled Oklahoma Statutes, 1921, we find no expressed or indicated intention on the part of the Legislature to repeal section 7418, Rev. Laws 1910, and repeals by implication are not favored by the court, and this court has held:

"Repeals by implication are not favored, an earlier statute will not be held to have been repealed by a later one unless the conflict between the two is irreconcilable." State ex rel. Okla. City v. Superior Court of Okla. County, 40 Okla. 120, 136 Pac. 424; Goodson v. United States, 7 Okla. 117, 54 Pac. 423; Huston v. Scott, 20 Okla. 142, 94 Pac. 512; Kuchler v. Weaver, 23 Okla. 420, 100 Pac. 915; Perrine v. State ex rel., 72 Okla-

homa, 178 Pac. 97; Lovejoy v. State (Okla. Cr.), 194 Pac. 1087.

The deed under which the defendant purports to hold, from the county treasurer, recites that the party of the first part (county treasurer) sells and conveys to the party of the second part (defendant herein) the following described property:

"Lots 11-12, block 7; lots 5-6, block 18; lots 20-21 block 21; lot 10, block 24; lots 3-4-7-8-9-10-11, block 45; city of New Wilson, in Carter county"

—and further recites that the consideration, therefor was $14, but nowhere does it appear that these parcels of land were contiguous to each other; or that they were owned by the plaintiff, and he in fact claims only lots 3 & 4, block 45. and nowhere on the face of the deed does it show the amount bid for each parcel or lot of land, and the omission is fatal under the decisions of this court, supra, and such deed is for that reason void.

For the reasons herein stated, this cause should be reversed and remanded, with instructions to the trial court to cancel the deed from the county treasurer of Carter county to John W. Sullivan, in so far as it affects lots 3, 4, block 45. in the town of New Wilson in Carter county, Okla., and to quiet title to said lots 3, 4, in the plaintiff. Don A. Cochran, upon the payment by the said Don A. Cochran to the county treasurer of Carter county, a sum of money, for the use and benefit of John W. Sullivan, equal to all taxes, penalties due. plus the cost of advertising the original sales and the re-sale.

By the Court: It is so ordered.