This appeal is prosecuted to set aside an order of the county court of Muskogee county, Okla., in the matter of the guardianship of Wilson S. Pitman, a minor, made and entered on April 8, 1926, allowing John R. Dudding as guardian of Wilson S. Pitman, a minor, the sum of $600 as compensation for general services in addition to compensation for special services, which had been paid.
The cause was tried de novo in the district court of Muskogee county on an agreed statement of facts. The agreed statement is lengthy and will not be set out in full. It was agreed, however, that the guardian had performed certain services for the estate of the minor which had been beneficial to his estate. The services are such as do not come within section 4 of chapter 84 of the Session Laws of 1924, which is as follows:
"Guardians appointed by the county court shall not receive a greater amount than the following compensation, and no other, for their services as acting as guardian in the following matter:
"(a) For collecting real estate rents, ten (10%) per cent. of the amount collected and accounted for. For collecting oil and gas rentals and royalties, three (3%) per cent. of the amount collected and accounted for.
"(b) For collecting interest on real estate loans ten (10%) per cent. of the amount collected and accounted for.
"(c) For collecting all other income, ten (10%) per cent. of the amount collected and accounted for.
"Provided, that no guardian shall receive as compensation for his services as such, in any one case more than $4,000 in any one year."
There is but one question involved in this appeal and that is whether or not compensation to guardian must be governed exclusively by said section 4.
It is contended by the plaintiff in error that no fees can be allowed a guardian other than those provided for in the above act. It is the contention of the defendant in error that the county court in allowing the fee of a guardian is bound by section 4, supra, when dealing with matters therein mentioned, but when a guardian performs services necessary or beneficial to the estate of the minor not mentioned in said section, for such additional services a guardian may be paid as provided for in section 1463, C. O. S. 1921, which is as follows:
"Every guardian must be allowed the amount of his reasonable expenses incurred in the execution of his trust, and he must also have such compensation for his services as the court in which his accounts are settled deems just and reasonable."
Prior to the adoption of section 4, supra, by the Legislature in 1924 the guardians were allowed their compensation under section 1463, supra. Neither chapter 84 nor section 4 thereof includes a repealing clause.
In all matters covered by section 4 the county court is limited by this section. There are services, however, a guardian may perform which are necessary or beneficial to the estate of the minor that are not included in section 4.
It is a cardinal rule in the construction of statutes that the intention of the Legislature must govern, and that to ascertain the intent, all the various provisions of legislative enactments upon the particular subject should be construed together and given effect as a whole.
In the case of Town of Comanche v. Ferguson, 67 Okla. 101,169 P. 1075, in the second paragraph of the syllabus this court said:
"Where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court — no purpose to repeal being clearly expressed or indicated — is, if possible, to give effect to both. The construction is to be on the entire statute, and where one part is susceptible of two constructions, and the language of another part is clear and definite, and is consistent with one of such constructions and opposed to the other, that construction *Page 212 
which will render all sections of the statute harmonious must be adopted."
Under these rules of construction, it seems to us that section 4 applies to the payment of compensation to guardians for services rendered for the items designated therein, and that section 1493, supra, is authority for the payment of all other compensation to guardians.
We do not think it was the intention of the Legislature to repeal section 1463, supra, and it is still in effect in all matters pertaining to the compensation of guardians for services except those mentioned in section 4. We think, however, the limitation of $4,000 applies not only to section 4, supra, but also to section 1463, supra, and the county court is without jurisdiction to allow more than $4,000 annually, in any one case, to a guardian for his services as such.
The judgment of the trial court is affirmed.
BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.