## JOHNSON v. CITY OF VINITA et al.

No. 24159.　May 21, 1935.

E. H. Beauchamp, for plaintiff in error.

William T. Rye, for defendants in error.

PER CURIAM. This action was brought in the district court of Craig county by the city of Vinita, Okla., and George W. Karr, as mayor of said city, defendants in error, against Newt. Johnson, plaintiff in error, to recover some tools. The case was tried without a jury. The court rendered judgment in favor of defendants in error on May 24, 1932. Plaintiff in error filed his motion for a new trial and perfected his appeal in the usual manner. The parties hereafter will be referred to as they stood in the trial court.

Plaintiffs in their petition allege that the city of Vinita, Okla., is a municipal corporation, and that George W. Karr is mayor; that on October 20, 1931, said city by its council passed an ordinance abolishing the office of street commissioner and transferring the duties of that office to the mayor, and attached a copy of said ordinance as "Exhibit A" to said petition. The petition further alleges that the defendant has charge of certain tools and implements described therein belonging to the city, and has possession of same and seeks to hold possession wrongfully, and that plaintiffs are rightfully entitled to the possession of same, and pray for judgment vesting and awarding said property to plaintiffs. Bond was given and a writ of replevin issued, and the property was taken into custody by the sheriff and delivered to plaintiffs on failure of defendant to execute a redelivery bond.

Defendant demurred to the petition, which demurrer was overruled, and thereafter filed his answer and cross-petition. In said answer he denied all the allegations in the petition contained except such as are admitted in said answer. He admitted the corporate existence of the city and that George W. Karr was mayor, and alleged that he was still street commissioner notwithstanding said ordinance, and that he had a lawful right to possession of said property. In paragraph 3 of said answer defendant alleged that the petition failed to state a cause of action, that said ordinance is an attempt to abolish an office created by the Legislature and to remove defendant from the office of street commissioner to which he was elected by the people, and that only the state Legislature could abolish said office. In paragraph 4 he further alleges that the city council has no right to abolish his office, for the reason that the city of Vinita is a city of first class, operating without a charter, and is amenable to the statute laws of the state of Oklahoma, and created by the state Legislature and not by the city council. In paragraph 5 he alleges that the attempt to abolish his office was not done in good faith, but that said ordinance was sponsored and passed through bias and prejudice and for revenge and for self-interest of one of the members, and further alleges in said paragraph that he has been damaged in the sum of $3 per day for a period of 30 days, amounting to $90, being the amount he could have earned as street commissioner during said period, and the further sum of $50 by reason of the plaintiffs wrongfully filing and suing out their writ of replevin, making a total damage of $140; and prays that he be awarded said property, cost and said amount of damages.

Defendant presents four propositions, namely:

"(1) That the court erred in overruling defendant's demurrer to the petition.

"(2) That the court erred in sustaining the motion to strike certain parts of defendant's answer and cross-petition.

"(3) That the testimony and evidence

was insufficient to support the judgment.

"(4) That the court erred in overruling defendant's motion for new trial."

Under his first assignment defendant contends that the petition does not sufficiently allege ownership, that plaintiff was required to allege that it was a city of the first class and did not operate under a charter, and further contends that the city of Vinita was without authority to pass the ordinance abolishing the office of street commissioner. We think the allegations of ownership are sufficient, and that the mere allegation that the city of Vinita is a municipal corporation, in the absence of motion to make more definite and certain, is sufficient.

The real contention in this case is, whether the city council had authority to abolish the office of street commissioner. It is contended by the defendant that they did not, and defendant relies on section 6008, 1931 Statutes, providing for the election of a street commissioner in all cities of the first class on the first Tuesday in April, 1919, and each two years thereafter, being chapter 43 of 1919 Session Laws. Plaintiffs claim that the council has this authority under section 6468, Okla. Stats. 1931, being chapter 41 of 1913 Session Laws. Defendant further contends that the passage of chapter 43, 1919 Session Laws, being in conflict with chapter 41 of 1913 Session Laws, repeals said former law by implication.

This court has held that where different legislative enactments have reference to the same subject and are consistent with each other, they should be construed together and harmonized, if possible, so that effect will be given to each so far as is consistent with the evident intent of the latest enactment. See Quinton Relief Oil & Gas Co. v. Corporation Commission, 101 Okla. 164, 224 P. 156; Cochran v. Sullivan, 94 Okla. 23, 220 P. 870; Thacker v. Witt, 64 Okla. 169, 166 P. 713.

The court has further held that where two statutes cover in whole or in part the same matter and are not absolutely irreconcilable, the duty of the court—no purpose to repeal being clearly expressed or indicated—is, if possible, to give effect to both in so far as they are not irreconcilable. Re Pittman's Guardianship (Federal Surety Co. of Davenport, Iowa, v. Dudding), 127 Okla. 210, 260 P. 452. This court does not favor repeals by implication. Perrine v. State ex rel. Embry, County Atty., 72 Okla. 18, 178 P. 97.

Chapter 43 of 1919 Session Laws was not new legislation but was amendatory. The Legislature in 1909 provided for the election of a street commissioner in cities of first class. This law was amended by 1910-11 Session Laws, p. 316, and carried forward in Revised Laws 1910, section 434. By chapter 158, 1917 Session Laws, said law was amended, providing that the mayor should appoint, subject to the approval of the city council, the street commissioner. By chapter 43 of 1919 Session Laws, the 1917 Act was amended, again making the office of street commissioner elective rather than appointive.

Section 6468, Okla Stats. 1931, being a portion of the 1913 act, reads as follows:

"In all such cities, the city council, by ordinance, is hereby authorized and empowered to consolidate any of the various offices of city government, in addition to that abolished in section 1, deemed necessary and convenient for the administration of the public affairs of such cities."

Section 1 referred to is section 6466, Okla. Stats. 1931, abolishing the office of police judge in cities of 12,000 population or less, and section 6469 provides that this act shall not apply to cities which have adopted or may hereafter adopt a charter form of government.

The validity of this statute authorizing consolidation of city offices was not challenged in any way, and we fail to find where this court has had occasion to construe said section. In City of Durant v. Bowles, 110 Okla. 258, 237 P. 572, the court had under consideration section 6466 and section 6467, Okla. Stats. 1931, in which the Legislature abolished the office of police judge and transferred the duties and powers of that office to the mayor, being sections 1 and 2 of the 1913 act, while section 3 of said act provides for the consolidation of other offices by ordinance. This court, however, in commenting on section 3, stated:

"From these sections it appears that the Legislature intended to make the laws creating and regulating the offices of such cities so flexible and easy of adjustment that they could retain the offices and officers and expenses of conducting them or they could reduce them without doing away with the duties involved in them and save the expenses to the city of performing these duties."

The city of Vinita under the provision of said statute had authority and power to abolish the office of street commissioner and transfer the duties of that office to the mayor.

It was clearly not the intention of the Legislature in enacting chapter 43, 1919 Session Laws, section 6008 of 1931 Statutes, to repeal chapter 41 of 1913 Session Laws, section 6468, 1931 Statutes, and it was therefore not error for the trial court to overrule defendant's demurrer to petition.

Considering the next assignment of error, this court has held that a general denial in a replevin action entitles the defendant to make any defense which would defeat plaintiff's claim of ownership and right of possession (De Hart Oil Co. v. Smith, 42 Okla. 201, 140 P. 1154), and has also held that the motive of a member of the city council or his self-interest in voting for the enactment of an ordinance cannot be inquired into for the purpose of determining the validity of the ordinance. Baxley v. City of Frederick, 133 Okla. 84, 271 P. 257, also Finkelstein v. City of Sapulpa, 106 Okla. 297, 234 P. 187. It was not error to strike that portion of defendant's answer in which he questions the motive of the council and in which he challenges the sufficiency of the petition. We think that defendant was entitled, in the replevin action, to file a counterclaim for proper damages for wrongful detention of the property and to recover thereon in the event said property was awarded to him. Roberts v. Wilkins, 40 Okla. 138, 137 P. 111. If said damages were not properly alleged, that fact should have been reached by motion to make more definite and certain or by demurrer, and should not have been stricken by the court. Since, however, the court found in favor of plaintiff, such error is held to be harmless.

Considering the third assignment of error, the testimony is meager. The defendant seems to have assumed the burden and introduced records in support of his contention; plaintiff merely introduced the ordinance relied on. The parties stipulated that the city of Vinita is a city of the first class, not operating under a charter form of government. With the admissions in pleadings and the further stipulation at time of trial, we hold that the evidence is sufficient to support the judgment rendered.

It necessarily follows that there is no error in overruling defendant's motion for a new trial.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys E. B. McMahan, M. A. Holcomb, and P. J. Morris in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McMahan and approved by Mr. Morris and Mr. Holcomb, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, and GIBSON, JJ., concur.