## LEWIS et al. v. STATE ex rel. MARTIN et al.

No. 27416.   March 23, 1937.

Thos. M. Smith, for p'aintiffs in error.

J. R. Gurley, County Atty., J. D. Williamson, City Atty., and O. B. Martin, Special Atty., for defendants in error.

OSBORN, C. J. This action, in the nature of an action in quo warranto, was commenced in the district court of Kay county by O. B. Martin, county attorney, under the provisions of sections 765-767, O. S. 1931, for the purpose of determining certain conflicting claims of tit'e to the offices of city councilmen of Kaw City, a city of the first class operating without a charter form of government. After the institution of the action, Martin was succeeded in office by J. R. Gurley.

It will be unnecessary to outline the issues of fact involved herein, since the parties have agreed as to the questions of law which are now before the court for determination. Said questions are stated in the briefs as follows:

"1. How many members are there to be elected to the city council of a city of the first class operating without a charter form of government?

"2. When are said members to be elected, that is, during the odd-numbered years, or the even-numbered years?"

The trial court concluded that two councilmen were provided for each ward of the city, one to be elected during the odd-numbered years and one during the even-numbered years.

Section 1, chapter 92, Session Laws 1910, in part, provides:

"Sec. 1, art. 1, Senate Bill No. 155, of the Session Laws of 1909, is hereby amended to read as follows:

"General elections shall be held in all cities of the first class of this state on the first Tuesday in April, A. D. 1909, and each two years thereafter, at which time there

shall be elected * * * from each ward, one councilman and one member of the school board; provided, that in those cities of the first class where an election of councilmen and members of the school board has not been had since the admission of Oklahoma into the Union, and in towns or cities in which the terms of the members of the council and school board expire in 1909, there shall be elected two members of the school board and two members of the council from each ward, one of which members of the council and school board from each ward shall serve one year, and the other two years, to be determined by lot. The officers above designated shall serve for a period of two years, and until their successors are elected and qualified. * * *

"The terms of officials elected hereunder shall begin on the first Monday in May following their election. On the first Tuesday in April, 1910, and each two years thereafter, an election shall be held in all cities of the first class at which time one councilman and one member of the school board shall be elected from each ward."

The act was amended in some particulars by section 1, chapter 136, Session Laws 1910-1911. These two acts were before the court in the case of State ex rel. McIntosh v. Perkins, 35 Okla. 317, 129 P. 730 (opinion filed January 13, 1913), wherein it was held:

"Under the provisions of chapter 136, p. 316, Session Laws 1910-11, and the acts of which the same is an amendment, two councilmen are provided for each ward in all cities of the first class."

It is clear that on the date of the above opinion there was no ambiguity in the law. It was provided that two councilmen should be elected from each ward; that one should be elected at an election to be held on the first Tuesday in April in 1909, and each two years thereafter, and the other to be elected the first Tuesday in April, 1910, and each two years thereafter. We therefore turn to subsequent enactments. Section 1, chapter 158, Session Laws 1917, provides as follows:

"Section 1. That section 434 of the Revised Laws of Oklahoma, 1910, be and the same is hereby amended to read as follows:

"Section 434. General elections shall be held in all cities of the first class on the first Tuesday in April, A. D. 1917, and each two years thereafter, at which time there shall be elected for the city at large, one mayor, one city clerk, one city treasurer and one treasurer of the city school board; there shall also be elected from each ward one councilman. The officers above designated shall serve for a period of two years

and until their successors are elected and qualified."

Section 1, chapter 43, Session Laws 1919 (sec. 6008, O. S. 1931), provides as follows:

"Section 1. That chapter 158 of the Session Laws of 1917 be amended to read as follows:

"Section 434. General elections shall be held in all cities of the first class on the first Tuesday in April, A. D. 1919, and each two years thereafter, at which time there shall be elected for the city at large, one mayor, one city marshal, one street commissioner, one city clerk, one city treasurer, and one treasurer of the city school board; there shall also be elected from each ward one councilman. The officers above designated shall serve for a period of two years and until their successors are elected and qualified. Provided, that the provisions of this act shall not apply to any city operating, or hereafter operating under a charter or managerial form of government."

In the case of Johnson v. City of Vinita, 172 Okla. 376, 378, 45 P. (2d) 1089, 1091, it was said:

"This court has held that where different legislative enactments have reference to the same subject and are consistent with each other, they should be construed together and harmonized, if possible, so that effect will be given to each so far as is consistent with the evident intent of the latest enactment. See Quinton Relief Oil & Gas Co. v. Corporation Commission, 101 Okla. 164, 224 P. 156; Cochran v. Sullivan, 94 Okla. 23, 220 P. 870; Thacker v. Witt, 64 Okla. 169, 166 P. 713.

"The court has further held that where two statutes cover in whole or in part the same matter and are not absolutely irreconcilable, the duty of the court—no purpose to repeal being clearly expressed or indicated —is, if possible, to give effect to both in so far as they are irreconcilable. In re Pitman's Guardianship (Federal Surety Co. of Davenport, Iowa v. Dudding), 127 Okla. 210, 260 P. 452. This court does not favor repeals by implication. Perrine v. State ex rel. Embrey, County Atty., 72 Okla. 18, 178 P. 97."

An examination of the various legislative provisions in the light of these well-established rules of construction impels the conclusion that the 1917 and 1919 acts did not repeal the provisions of the prior acts providing for two councilmen to be elected from each ward in cities of the first class, one to be elected on the first Tuesday in April, 1911, and each two years thereafter, and the other to be elected on the first Tuesday in April, 1910, and each two years thereafter. We are advised that the Attorney

General of the state has so construed the above acts, and that the various municipalities have relied and acted upon such construction since January, 1923.

The judgment is affirmed.

BAYLESS, V. C. J., and BUSBY, WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY, J., absent.