Game Fish — Illegally Sold — Special Account The Wildlife Conservation Commission may establish an official depository account in the State Treasury pursuant to 62 O.S. 7.2 [62-7.2] (1961), with the approval of the officials mentioned therein, for the purpose of providing funds to special agents of the Commission for purchasing illegally sold fish and game and for the purpose enumerated in the Oklahoma Constitution, Article XXVI, Section 4 The Attorney General has had under consideration your letter dated November 21, 1968, in which you, in effect, inquire as follows: May the Wildlife Conservation Commission, with the approval of the officials mentioned in 62 O.S. 7.2 [62-7.2] (1961), establish an official depository account in the State Treasury for the purpose of providing funds to special agents of the Commission for purchasing illegally sold fish and game and for the purposes enumerated in the Oklahoma Constitution, Article XXVI, Section 4 ? All money that comes into the possession of the Wildlife Conservation Commission is deposited in a special fund in the State Treasury designated as the Wildlife Conservation Fund. Such fund is authorized by 29 O.S. 126 [29-126] (1961), and consists of fees, moneys, or funds arising from the operations and transactions of the Commission and from the application and the administration of the laws and regulations pertaining to the bird, fish, and game resources of the State. The statute further provides that such fund shall be expended and used by the Wildlife Conservation Commission for the control, management, restoration, conservation and regulation of all wildlife resources in the State. The purposes behind this disposition of funds from the Wildlife Conservation Fund by the Wildlife Conservation Commission are identical to purposes enumerated in Article XXVI, Section 4 Oklahoma Constitution, which also provides for authorized expenditures from funds in possession of the Wildlife Conservation Commission. O.S.L. 1963, ch. 165, Section 1 (29 O.S. 116 [29-116] (1961)), provides the procedures to be followed when expenditures are to be made from the Wildlife Conservation Fund. It provides in pertinent part as follows: "Section 116 — The expenditures of the Wildlife Conservation Fund shall be under the control and supervision of the Oklahoma Wildlife Conservation Commission, and all claims against said Fund shall be paid on its itemized voucher form, prepared by said Commission and sworn to by the claimant, and/or vendors' invoices as authorized under Title 74, Section 86.1, Oklahoma Statutes 1961, and all such claims, when duly signed and sworn to shall be audited by the Commission and/or designated employees, and upon final approval, vouchers which are payable from said Fund shall be forwarded to the State Budget Director who shall audit the same and, upon approval thereof, warrants shall issue according to law, and said warrants shall be paid by the State Treasurer from said Fund; . . . ." This obviously detailed procedure which was designed to provide protection from unauthorized expenditures either in amount or purpose from the Wildlife Conservation Fund is supplemented by 62 O.S. 7.2 [62-7.2] (1961), which provides for a more expedient method for state agencies to secure funds. It provides as follows: "Section 7.2 — The Budget Director with the approval of the State Examiner and Inspector and the State Treasurer, shall authorize state agencies to maintain official depository accounts in the State Treasury for funds of a trust or agency relationship, including auxiliary enterprises and organized activities, which shall be disbursed on vouchers issued by the state agency concerned to accomplish the purposes for which the funds were intended; Since O.S.L. 1963, ch. 165, Section I, supra, and 62 O.S. 7.2 [62-7.2] (1961), supra, both relate to the same subject matter, namely the payment of authorized vouchers, an effort should be made to give them each effect. Statutes must be read and construed together to give effect to both, and the words of each, if it can be done, without violence to either. R. V. McGinnis Theatres v. Video Independent Theatres, Inc.,262 F. Supp. 607 (N.D. Okl. 1967). Where two statutes cover in whole or in part the same subject matter, and are not absolutely irreconcilable, the duty of the court, no purpose to repeal being expressly or clearly indicated, is, if possible, to give effect to both. Johnson v. City of Vinita, 172 Okl. 376, 45 P.2d 1089 (1935). Finding no direct conflict between the two statutes, it is possible to give them both effect. Thus, if the Wildlife Conservation Commission wishes to establish an official depository account in addition to its Wildlife Conservation Fund, it may do so by making application to the State Budget Director and securing approval for such establishment from the State Examiner and Inspector and the State Treasurer. The expenditures from such new fund would be limited to the purposes enumerated in ArticleXXVI, Section 4 Oklahoma Constitution, and 29 O.S. 126 [29-126] (1961). This would include the purchase of illegally sold fish and game by special agents of the Commission. It is therefore, the opinion of the Attorney General that the Wildlife Conservation Commission may establish an official depository account in the State Treasury pursuant to 62 O.S. 7.2 [62-7.2] (1961), with the approval of the officials mentioned therein, for the purpose of providing funds to special agents of the Commission for purchasing illegally sold fish and game and for the purposes enumerated in the Oklahoma Constitution, Article XXVI, Section 4. (Gary F. GLasgow)