REGIONAL PLANNING COMMISSIONS — JURISDICTION Neither 11 O.S. 431 [11-431] (1971) et seq. nor 19 O.S. 854.1 [19-854.1] (1971) et seq., which both relate to regional planning commissions appointed by cities and towns, takes precedence over the other. A city or town with a population of less than 19,000 may appoint a regional planning commission pursuant to 11 O.S. 431 [11-431] (1971). A regional planning commission appointed pursuant to 11 O.S. 431 [11-431] (1971), may exercise its power and jurisdiction over any portion o a district as defined in 11 O.S. 433 [11-433] (19710, as it deems appropriate, in furthering the systematic development of the community and district as a whole, as long as such area is determined by the commission as being subject to its powers is not unreasonable, arbitrary or capricious. The Attorney General has received your letter in which you requested an opinion on the following questions: 1. Shall 11 O.S. 431 [11-431] through 11 O.S. 437 [11-437] (1971) take precedence over 19 O.S. 854.1 [19-854.1] through 19 O.S. 854.9 [19-854.9] (1971) which establish additional criteria? 2. May a city or town with a population of less than 19,000 appoint a regional planning commission? 3. Must a regional planning commission establish jurisdiction on three miles to be in compliance with the statutes, or may the regional planning commission establish jurisdiction on a non-uniform area in any portion within three miles from the incorporated limits of a city or town? With regard to your first question, both 11 O.S. 431 [11-431] (1971) et seq. and 19 O.S. 854.1 [19-854.1] (1971) et seq. provide for the establishment of regional planning commissions. Title 11 O.S. 431 [11-431] (1971) provides that any city or town may appoint a regional planning commission, while 19 O.S. 854.1 [19-854.1] (1971) provides that only cities or towns having a population of 19,000 or more, in a county containing a population of not less than 32,800 nor more than 34,000, may appoint such a commission. Except for minor differences, the provisions of the two acts are largely identical. Your first question in effect raises the question as to whether the latter act has repealed by implication the earlier adopted provisions in Title 11, supra, or whether those provisions in Title 11 are still effective in allowing towns which do not meet the criteria in 19 O.S. 854.1 [19-854.1] (1971) in establishing a regional planning commission. Although the Oklahoma Supreme Court has recognized that generally the provisions of a later statute prevail over and supersede those provisions of an earlier statute, that principle of statutory construction of the law applies only where the two statutes are in irreconcilable conflict with each other. See Boice v. State, Okl., 473 P.2d 241, 245. Likewise the Courts have recognized that where two statutes cover in whole or in part the same subject matter, and are not absolutely irreconcilable, the duty of a court, no purpose to repeal being expressly or clearly indicated, is, if possible to give effect to both of the statutes. See Cochran v. Sullivan, 220 P. 870 and Johnson v. City of Vinita, 45 P.2d 1089. Moreover, a statute which is constitutionally insufficient should not be construed so as to take precedence over an earlier statute which is otherwise valid. When the strict interpretation of a particular statute would defeat the intent of the Legislature as shown by other legislation enacted according to the general purpose in accomplishing a particular result, such a construction should not be adopted. See Board of Commissioners of Creek County v. Alexander, Okl. Cr., 159 P. 311. It should also be noted that House Bill No. 1026 which was codified as 19 O.S. 1971 854.1 [19-854.1] et seq., contains no general or specific repealer clause. With regard to your second question, since the statutes in Title 19 have not displaced or otherwise affected the validity of the statutes in Title 11, also authorizing the establishment of a regional planning commission, then 11 O.S. 431 [11-431] (1971) et seq. specifically authorizes any city or town to appoint a regional planning commission. In your third question you ask in effect whether it is mandatory that a regional planning commission establish its jurisdiction as the entire area authorized by statute, that is, all area within three miles of the city limits, or if the regional planning commission may establish and exercise jurisdiction in a non-uniform area in any portion of a tract of land within three miles from the incorporated limits of a city or town. Title 11 O.S. 433 [11-433] (1971) provides as follows: "The regional planning commission shall have jurisdiction over a regional district which shall be construed to mean any land outside the incorporated limits of a city or town, whose any one boundary, at any point, shall be within a distance of three miles from the incorporated limits of said city or town." It is fundamental that a city's power to adopt any form of land use regulations, either in the form of zoning regulations or more general planning functions, which operate to restrict a private person's use of his own property, must derive from a legislative delegation of such authority. See Yokley, Zoning Law and Practice, Vol. 1, 2-17.1 (1965). Such a power has obviously been granted to the cities and towns of Oklahoma and more specifically to a regional planning commission by the Oklahoma Legislature pursuant to the provisions of 11 O.S. 1971 433 [11-433]. Once such a power is delegated to a local legislative body, then they retain a large measure of discretion in determining the circumstances of the exercise of that power. In Schlientz v. City of North Platte, Neb.,110 N.W.2d 58, the Supreme Court of Nebraska reviewed the validity of extra territorial land use regulations of a city. In upholding the regulation adopted by the municipal legislative body, the Court noted that: "In the exercise of police power delegated by the state legislature to a city, the municipal legislature, within constitutional limits, is the sole judge as to what laws should be enacted for the welfare of the people, and as to when and how such police power should be exercised." Our Oklahoma Supreme Court has likewise held that such land use regulations are properly within the discretion and judgment of duly constituted local and municipal legislative authorities. See Glaser v. Tulsa Metropolitan Area Planning Commission, Okl., 360 P.2d 247. Thus, it is apparent that a duly constituted municipal legislative body, such as a regional planning commission, can exercise powers granted to it by statute in any manner as it deems appropriate, to best serve the needs of their respective communities. As long as the exercise of their power and jurisdiction is not unreasonable, arbitrary or capricious, then their judgment as to the jurisdiction which they will exercise lies within their sound discretion. It is, therefore, the opinion of the Attorney General that your first question be answered as follows: Neither 11 O.S. 431 [11-431] (1971) et seq. nor 19 O.S. 854.1 [19-854.1] (1971) et seq., both relating to the power of cities and towns to appoint a regional planning commission, takes precedence over the other. It is further the opinion of the Attorney General that your second question be answered in the affirmative. Any city or town, including those with a population of less than 19,000, is authorized to appoint a regional planning commission pursuant to 11 O.S. 431 [11-431] (1971). It is further the opinion of the Attorney General that your third question be answered as follows: A regional planning commission duly appointed under the provisions of 11 O.S. 431 [11-431] (1971) et seq. may exercise its powers and jurisdiction over any portion of a district as defined in 11 O.S. 433 [11-433] (1971), as it may determine in its discretion to best suit the furtherance of the systematic development and betterment of the district. (Steven E. Moore)