The Attorney General has received your request for an Attorney General's opinion wherein you ask, in effect, the following question: Are limited partnerships formed under 54 O.S. 141 [54-141] — 54 O.S. 171 [54-171] (1971), subject to the Fictitious Name Statute, 54 O.S. 81 [54-81] — 54 O.S. 86 [54-86] ? 54 O.S. 81 [54-81] (1971), deals with the use of a fictitious name by a partnership and provides as follows: "Except as otherwise provided in the next section, every partnership transacting business in this State under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county or subdivision in which its principal place of business is stated, a certificate, stating the names in full of all the members of such partnership, and their places of residence, and publish the same once a week for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper published in an adjoining county." Regarding the purpose behind the Fictitious Name Statute, it is apparent that the requirement therein to file a certificate with the court clerk and to publish the same in a newspaper is to protect persons dealing or likely to deal with a partnership bearing a fictitious name or a designation not revealing the names of all persons interested therein as partners by giving the public notice of the name and place of residence of all the partners of such partnership. Fourth National Bank of Tulsa v. Cochran, Okl., 298 P.2d 784 (1956). This notice is absolutely essential with respect to general partnerships using a fictitious name since there appears no other legal provision requiring the names or addresses of the partners of a general partnership to be filed of public record or otherwise brought to the public's attention. However, it should be noted that the Uniform Limited Partnership Act, 54 O.S. 141 [54-141] — 54 O.S. 171 [54-171], also contains separate provision for the filing of partners' names and addresses. 54 O.S. 143 [54-143](a) (1979), of the Act, provides that, before a limited partnership can be formed, a certificate must be filed with the Oklahoma Secretary of State setting forth, among other partnership information, "the name and place of residence of each member; general and limited partners being respectively designated." Undoubtedly, this requirement is due, in part, to the fact that 54 O.S. 146 [54-146] (1971), of the Act, renders the name of every partnership formed thereunder fictitious in that it prohibits the appearance of a limited partner's surname in the partnership name, subject to the exceptions provided therein. Furthermore, 54 O.S. 143 [54-143](b) (1971), provides that a limited partnership is formed if there has been substantial compliance with the filing requirement set forth in 54 O.S. 143 [54-143](a). Nevertheless, even though arguable that the application of 54 O.S. 81 [54-81] (1971), is unnecessary with respect to limited partnerships since the Uniform Act contains a somewhat analogous notice requirement based at least in part upon the rationale of 81, an application of fundamental legal reasoning indicates that limited partnerships are subject to the Fictitious Name Statute. As a reading of 54 O.S. 81 [54-81] reveals, such provision, by its terms, applies indiscriminately to "every partnership transacting business in this State under a fictitious name." (Emphasis added) As to what the Legislature intended to include within the purview of the statute by use of the words "every partnership," it must be remembered that, as a general rule, legislative enactments must be interpreted in accordance with their plain and ordinary meaning according to the import of the language used therein. Alfalfa Elec. Coop., Inc. v. First Nat. Bank Trust Co. of Oklahoma City, Okl., 525 P.2d 644 (1974). In so reading 81, it is apparent that such words necessarily include limited as well as general partnerships. Additionally, 54 O.S. 81 [54-81], by the first phrase thereof, expressly enumerates only one exception to its scope of coverage, that being, as 54 O.S. 82 [54-82] (1971) provides, commercial or banking partnerships established and transacting business in a place outside the United States. By the express mention of the one exception, it is reasonable to conclude that no other exceptions to 54 O.S. 81 [54-81] were intended. In re Arbuckle Master Conservancy Dist., Dist. Court, Murray County, No. 9660, Okl., 474 P.2d 385 (1970). And, even though the Uniform Limited Partnership Act was enacted subsequent to the Fictitious Name Statute, nothing contained in the Act evidences an intent, either express or implied, to remove limited partnerships formed thereunder from the operation and effect of 81. The filing requirement set forth in 54 O.S. 143 [54-143](a) of the Uniform Act was included as a necessary prerequisite to the formation of a limited partnership while the filing requirement in 81 is not necessary to formation nor does it affect the otherwise valid operation of a partnership, noncompliance therewith merely providing a defense to any action brought in state court by a noncomplying partnership on or on account of any contract made or transaction had under a fictitious name. 54 O.S. 1971 83 [54-83]; Long v. United States,96 F. Supp. 445 (W.D. Okl. 1951); and Magnolia Petroleum Co. v. Galloway, 183 Okl. 432, 83 P.2d 174 (1938). Indeed, where two statutory provisions relate in whole or in part to the same general subject matter, a construction, if possible, is favored which will render the provisions harmonious and give full effect to both. Smith v. Southwestern Bell Tel. Co., Okl., 349 P.2d 646
(1960); Johnson v. City of Vinita, 172 Okl. 376, 45 P.2d 1089
(1935). It is apparent that requiring a limited partnership to additionally comply with the notice requirements of 81 does not conflict with or do violence to any provision of the Uniform Act. Accordingly, it is the official opinion of the Attorney General that your question be answered as follows: Every partnership transacting business in the State under a fictitious name or a designation not revealing the names of all persons interested as partners, including limited partnerships formed under 54 O.S. 141 [54-141] — 54 O.S. 171 [54-171], must comply with the notice requirements set forth in the Fictitious Name Statute, 54 O.S. 81 [54-81] — 54 O.S. 86 [54-86] (1971). (Brent S. Haynie)