[Civil No. 221.   Filed January 11, 1888.]

[S. C. 16 Pac. 269.]

JOHN G. CAMPBELL, et al., Plaintiffs and Appellants, v. WM. C. BASHFORD, Treasurer of Yavapai County, Defendant and Respondent.

1. TAXATION—EQUITABLE RELIEF—ADEQUATE REMEDY AT LAW—COMP. LAWS ARIZ. 1877, p. 340, par. 2021 CITED—BOARD OF EQUALIZATION—ERRONEOUS ASSESSMENT—PRESUMED TO KNOW WHEN ASSESSMENT ROLL IS COMPLETE—COMP. LAWS ARIZ. 1877, p. 340, par. 2020 CITED—LACHES.—A complaint for injunction against the collection of taxes based on erroneous assessment does not show any ground for equitable relief where it appears that provision is made by statute, *supra*, for protection of the tax-payer against unjust assessments, by the creation of a board of equalization, and that the complainant has failed to resort thereto. The fact that he had no knowledge of the increase in assessment cannot avail for he is charged with knowledge that the assessment roll is complete in ample time to appear before the board, statute *supra*, and by his own laches he cannot lay foundation for the jurisdiction of a court of equity.

APPEAL from a Judgment of the District Court of the Third Judicial District in and for the County of Yavapai. James H. Wright, Judge. Affirmed.

The facts are stated in the opinion.

Rush, Wells & Howard, for Appellant.

John C. Herndon, District Attorney, for Respondent.

BARNES, J.—This is a suit in equity to enjoin defendant, the tax collector of Yavapai county, from collecting a tax assessed against plaintiffs. They allege that, within the time prescribed by law, the assessor of said county called upon plaintiffs for a sworn list of their property subject to taxation, as required by law; that plaintiffs, in compliance with the assessor's demand, furnished him with a list of their property, containing a full and complete statement of all the prop-

erty, both real and personal, owned or possessed by them as
partners, in said county, and subject to taxation therein,
which list and statement was duly sworn to, as required by
law; that said assessor accepted said sworn list and statement
without objection, and without intimation that he was not
satisfied with its correctness, and by his action caused plain-
tiffs to believe the said assessor was fully satisfied with the
correctness of said list and statement, and that their prop-
erty would be listed and assessed by him in accordance there-
with; that said assessor afterwards, without any notice to
them, and without their knowledge, set down upon the assess-
ment roll and assessed to them double the quantity of personal
property contained in said sworn list and statement; that
plaintiffs did not own or possess said property so added by
said assessor; that plaintiffs had no knowledge or information
that said assessor had so added to the quantity of personal
property contained in said sworn list and statement, until
the time the board of equalization of that year was about to
adjourn; that, within the time required by law, the plaintiffs
tendered and paid to the tax collector of said county, the
taxes due upon all the property so given in said sworn list
and statement, including all the real estate belonging to plain-
tiffs, as partners; that said tax collector claimed that there
was still due and owing from plantiffs the taxes due upon
the quantity of property so added to the property contained
in said sworn list, by said 'assessor; that said tax collector
threatens and is about to advertise and sell plaintiff's real
property, upon which they have duly paid the taxes, or
enough thereof to pay the taxes on the property so added
by the assessor; that said last-mentioned taxes are illegal and
void; that, if said tax collector is permitted to advertise and
sell said real estate, it will cast a cloud upon plaintiff's title,
—and plaintiffs ask the decree of the court that said taxes
upon said property, so added by said assessor, be declared
illegal and void, and that said tax collector be enjoined and
restrained from the collection thereof.

To plaintiffs' complaint the defendant filed a general de-
murrer, which demurrer the court sustained. The plaintiffs

appeal to this court from the order and judgment of the court below, sustaining defendant's demurrer to plaintiffs' complaint.

The question which meets us at the threshold in considering this case, is this: Does the complaint show any ground for equitable relief? If it appear that a party has an adequate remedy at law, he must go there, and the jurisdiction of a court of equity fails. By section 2021, Comp. Laws, it is provided that the supervisors of the county shall sit, in July of each year, as a board of equalization of taxes, and provides that they shall have power to hear all complaints, etc., may change and correct any valuation, either by adding thereto or deducting therefrom, etc. This section gives ample remedy to any aggrieved tax-payer. To that tribunal they should resort rather than to invoke the extraordinary remedy of injunction. No good reason is alleged for seeking this remedy. It is alleged that the assessor received the sworn list of plaintiffs, and made no objection thereto, and afterwards assessed them at a higher rate, and added additional property, without notifying them thereof, and they say they had no knowledge of it until the board was about to adjourn. It was then ample time to have made their complaint. They are, however, charged with a knowledge of the assessment roll required by law to be completed by the third Monday in June in each year, (Comp. Laws, § 2020,) and then they would have ascertained the fact, and they could then have sought to have had the assessment righted by the tribunal constituted by the law for that purpose. By their own laches they cannot be heard to lay the foundation for the jurisdiction of a court of equity.

For these reasons, the judgment of the court sustaining the demurrer is affirmed. It is not necessary to consider other questions raised as this disposes of the case.

Wright, C. J., and Porter J., concur.