J. E. Carroll v. John G. Gerlach, *as Treasurer,* and Jeff Mynatt, *as sheriff of Woodward County, Oklahoma Territory.*

(Filed July 6, 1901.)

COUNTY COMMISSIONERS—Complaints as to Tax and Assessment Rolls. Our statute having vested the authority in the boards of county commissioners of the various counties of the territory to hear complaints and to correct either upon the assessment rolls or upon the tax rolls of the county any double or erroneous assessment of property for taxation for any particular year, the remedy must be sought, in the first instance, before the tribunal, and the party aggrieved cannot invoke the powers and jurisdiction of a court of equity when he has failed or neglected to present his cause of complaint to such tribunal created by the statute and authorized to hear the same and grant appropriate relief.

(Syllabus by the Court.)

*Error from the District Court of Woodward County; before Jno. H. Burford, Trial Judge.*

*B. B. Smith, R. J. Joy* and *Roy A. Smith,* for plaintiff in error.

*Charles R. Alexander* and *Fred Elkin,* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action brought August 5, 1899, in the district court of Woodward county, by the plaintiff in error against the defendants in error, to enjoin them from collecting certain taxes assessed and levied against four hundred and thirty head of cattle belonging to the plaintiff in error for the year 1898, and which the plaintiff in error claims were not subject to taxation in said county for that year. The material averments in the petition are: That the plaintiff's cattle were situated and kept in Greer county on and prior to the first day of March, 1898, and were not removed to Woodward county until the latter part of April of said year; that on the 15th of March of said year said cattle were duly listed and assessed by the township assessor of Mangum township, Greer county; that all of said taxes were duly paid to the treasurer of Greer county; that the plaintiff had no notice or knowledge that said cattle were assessed in Woodward county until August 3, 1899, and for that reason he had no opportunity to appear before the board of county commissioners to petition them to relieve him of the payment of the taxes for the year 1898, prior to the commencement of this action. To this petition the defendants interposed a demurrer on the

ground that the petition did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and the plaintiff having elected to stand upon the petition, the court dissolved the temporary injunction which had been granted by the probate court in the absence of the district judge and dismissed said cause at the cost of the plaintiff. From this judgment the plaintiff appeals.

There is no averment in the petition that the plaintiff had made application to the board of county commissioners for an abatement of the taxes on the ground that the said property was not subject to taxation in Woodward county for said year. The only allegation in relation thereto is that the plaintiff had no opportunity to make application before the board of county commissioners to abate said taxes prior to the commencement of this action. This allegation is insufficient. It appears from the plaintiff's petition that he had notice that said property had been assessed on the third day of August, 1899, and this action was not commenced until the fifth day of August, 1899. Manifestly the plaintiff has sufficient time to file his application for an abatement of said taxes with the board of county commissioners, even after he received notice and prior to the commencement of this action, if he so desired.

Section 1, article 7, chapter 32 of the Session Laws of 1897, vests in the board of county commissioners of the various counties of this territory the power to correct either on the assessment rolls or upon the tax rolls of the county, any double or erroneous assessment of property for taxation for any particular year. Section 2 of said act provides the manner in which the board of county commis-

sioners, at any regular session, may hear and correct such erroneous assessments.

The rule is well settled that a person aggrieved by the wrongful assessment of his property cannot invoke the powers and jurisdiction of a court of equity to enjoin the collection of a tax resulting therefrom, unless he first seeks redress in the mode prescribed by the statute. Since the legislature has confided the power to abate taxes in the board of county commissioners in the first instance, the courts will refuse to enjoin the collection of an alleged illegal tax on the ground of double or erroneous assessment of the property for taxation, until the taxpayer makes an application to abate the taxes before the county commissioners, a hearing is had thereon, and the relief denied.

Desty in his work on Taxation, volume 2, pages 661-662, lays down the following rule:

" Equity will not restrain the collection of a tax when there is a full and adequate remedy at law, even though fraud be alleged in the bill. * * * Where the mode is prescribed, and a tribunal established by law to provide against an illegal tax, complainant has a full and adequate remedy at law."

In *Dundee Mortgage Trust Investment Co. v. Charlton et al.,* 32 Fed. Rep. 192, it was held that a person who is aggrieved by the wrongful action of an assessor, in the valuation of his own or other's property for taxation, cannot maintain a suit in equity to enjoin the collection of any portion of the tax resulting from such action, unless

he first seeks redress at the hands of the county board of equalization, as provided by statute.

In *Campbell v. Bashford,* 16 Pac. 269, in a suit to enjoin the collection of an alleged illegal tax, the complaint having failed to show that the plaintiff had applied to the board of supervisors for correction of the assessment under the provisions of the Compiled Laws of Arizona, it was held that the court had no jurisdiction to enjoin the collection of the tax until all legal remedies had been exhausted by the plaintiff.

In *Wilson v. Wiggins et al.* 7 Okla. 524, this court said:

"Where the statute vests in officers or boards authority to hear complaints and correct errors or grant relief to persons aggrieved in tax proceedings, the remedy must be sought there; and a party aggrieved cannot invoke the powers of a court of equity when he has not presented his cause of complaint to the tribunal or officer created by the statute, and authorized to hear the same and grant the proper relief."

We do not wish to be understood that if the plaintiff had alleged in his petition that he had no notice or knowledge that his property had been assessed in Woodward county until after the tax warrant had been issued and the property seized by the sheriff under said warrant and was about to be sold, and that the board of county commissioners were not in session at that time and had no opportunity to pass upon the plaintiff's application to abate said taxes prior to the sale of said cattle by the sheriff, that a restraining order would not lie until said application for the abatement of the taxes was disposed of by the board of county commissioners. But no such relief is sought by the plaintiff in this action.

The plaintiff's petition fails to state facts sufficient to constitute a cause of action for equitable relief, and the demurrer to the petition was therefore properly sustained.

The judgment of the district court is affirmed at the cost of appellant.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.