**COTTON v. BLAKE, Co. Treas.**

No. 18561.   Opinion Filed Oct. 9, 1928.

West & Petry, for plaintiff in error.

W. F. Pardoe and Leroy J. Burt, for defendant in error.

RILEY, J.   Fred Cotton brought action for recovery of $296.76, taxes paid under protest upon 40 acres of land valued for tax purposes at $1,650. He alleged the value of the land was not more than $400, and that the tax valuation fixed was fraudulent, intentional, and willful, amounting in law to no assessment; "and that he was without remedy except in the equity powers of this court to compel defendant to return what he ought not justly to have demanded." A demurrer was sustained to the petition, from which plaintiff appeals.

Section 9966, C. O. S. 1921, provides a remedy for a taxpayer aggrieved on account of an assessment made by the assessor or county equalization board. The said section provides for a hearing and an appeal to the district court.

Section 9969, C. O. S. 1921, reads as follows:

"This act shall be construed to give remedies and rights in addition to those of appeal heretofore given by statute, but the remedies of resort to the boards and appeal therefrom shall be the sole remedies for the correction of assessment or equalization."

Section 9674, C. O. S. 1921, provides a remedy for erroneous assessments.

We must conclude that plaintiff possessed a statutory remedy as against the alleged excessive assessment. He did not avail himself of the remedy provided.

"When the statute provides a remedy against an excessive, erroneous, or improper assessment of the property of an individual by proceedings before a board of equalization or review, the taxpayer must at his peril avail himself of this remedy and cannot resort to the courts in the first instance; and if he neglects properly to bring his complaint before the board of review, he cannot assail the assessment in any collateral manner, nor invoke the common-law or equitable powers of the courts for the redress of his grievance." 37 Cyc. 1079; Wilson v. Wiggins, 7, Okla. 517, 54 Pac. 716.

In Carroll v. Gerlach, 11 Okla. 151, 65 Pac. 844, the rule was announced that:

"Equity will not restrain the collection of a tax when there is a full and adequate remedy at law, even though fraud be alleged in the bill."

This question was settled in Board of Com'rs of Canadian County v. Tinklepaugh, 49 Okla. 440, 152 Pac. 1119; and in Carrico v. Crocker, 38 Okla. 440, 133 Pac. 181.

The allegations of the petition here considered are not comparable to those in the case of Citizens Nat. Bank of Dayton v.

Columbia Co. (Wash.) 63 Pac. 209 (footnotes, 37 Cyc. 1191), wherein the taxpayer by fraud was misled so as not to avail himself of the statutory remedy. Herein nothing is alleged to show denial of any statutory right or remedy by law provided.

The taxpayer cannot sit idly by and seek to recover because of an excessive assessment under section 9971, C. O. S. 1921, for that section provides for redress where the taxpayer has no remedy by appeal. See Weatherly v. Cloworth Development Co., 63 Okla. 307, 166 Pac. 156.

In First Nat. Bank of Temple v. Achenback, 110 Okla. 246, 237 Pac. 574, the following appears:

"The appellants rely on authorities which authorize courts to take jurisdiction of such matters where it is alleged that the officer assessing taxes has intentionally, purposely, and systematically under-assessed other property, etc. This, we think, is a sufficient allegation to give courts of general jurisdiction, jurisdiction of such matters in states where there are no statutory provisions specifically providing a remedy, such as our statutes provide, but where the Legislature enacts a law creating a board of equalization and sets forth the procedure that aggrieved taxpayers may pursue, then we hold that the application for an adjustment or equalization to the assessor and board of equalization is a condition precedent to the rights of the aggrieved party to maintain his cause in the district court."

See, also, Daniel v. Stucky, Co. Treas., 118 Okla. 150, 257 Pac. 776, wherein it was held that the aggrieved taxpayer's remedy was not under the provisions of section 9971, C. O. S. 1921, but under sections 9966 and 9674, C. O. S. 1921, and he, not having availed himself of the adequate statutory remedies provided for the correction of erroneous assessments, was not entitled to relief as sought.

We hold that fraud as alleged was not sufficient to excuse or deprive plaintiff from relief through the board and appeal therefrom as provided by statute.

The judgment is affirmed.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.