Joe T. PARKINSON, County Treasurer of
Tulsa County, Oklahoma, Plaintiff
in Error,

v.

Mary Elizabeth VALENTE, Executrix of the
Will and Estate of Florence N. Hacken-
dorf, deceased, Defendant in Error.

No. 37575.

Supreme Court of Oklahoma.

March 11, 1958.

Rehearing Denied May 27, 1958.

Application for Leave to File Second Peti-
tion for Rehearing Denied June 17, 1958.

J. Howard Edmondson, County Atty., and
Donald D. Cameron, Asst. County Atty.,
Tulsa, for plaintiff in error.

F. V. Westhafer, Tulsa, for defendant in
error.

PER CURIAM

This action was initiated by defendant in
error to recover the amount of ad valorem
taxes paid to the plaintiff in error under
protest. The statutory authority relied
upon by defendant in error is 68 O.S.1951
§ 15.50, which provides that "* * * where
the illegality of the tax is alleged to arise
by reason of some action from which the
laws provide no appeal, * * *" the tax-
payer may pay the tax under protest and
bring suit to recover the taxes illegally
collected.

The facts of this action are not in
dispute. The valuation of deceased's prop-
erty was increased by the assessor for the
year 1955, but notice of this increased as-

sessment was not given the taxpayer until after the County Equalization Board had adjourned for the year. Thus no appeal to that board from the assessor's action was possible. Taxpayer died after learning of the increase but before the taxes were due, and the defendant in error was appointed executrix of her estate and subsequently paid the taxes under protest. This factual situation gives rise to defendant in error's claim of illegality justifying this action to recover the taxes paid under protest. To defendant in error's petition alleging the facts upon which recovery was predicated, plaintiff in error demurred upon the specific ground that it did not appear from the petition that all administrative remedies had been exhausted before instituting this action; specifically, that there was no allegation that the taxpayer had applied to the Board of Tax Roll Corrections for relief. This demurrer was not sustained and the case proceeded to trial. Most of the factual issues were admitted by stipulation at the trial. It does not appear from the evidence that the taxpayer or defendant in error applied to the Board of Tax Roll Corrections for relief. The question presented by this appeal is: Where notice of an increased assessment is not given a taxpayer, thereby precluding an appeal to the County Equalization Board, must he, where possible, apply to the Board of Tax Roll Corrections for relief before he is entitled to pay such tax under protest and sue to recover as provided by 68 O.S.1951 § 15.50? We are of the opinion this question must be answered in the affirmative.

■ Our statute establishing the Board of Tax Roll Corrections, 68 O.S.1951 § 184d, was first enacted in 1949. Prior to the creation of this board, in 1945, the authority of the Board of County Commissioners to hear and determine error in the tax rolls was increased from the limited authority which had existed for many years to some twelve specific situations authorizing relief by that board. Session Laws 1945, p. 257, § 1. Among the new provisions enacted in 1945 was 68 O.S.1945 Supp. § 184d(9), which granted authority to the commissioners to correct the tax rolls where an assessment had been increased but notice of the increase had not been given the taxpayer. When the Board of Tax Roll Corrections was created in 1949 this provision was carried forward as one of seventeen specific situations upon which that board could act. 68 O.S.1951 § 184d(9). Thus it appears that since 1945 there has been an administrative remedy not theretofore available to correct a taxpayer's assessment where an increase has been made without the proper notice being given so as to enable him to proceed before the County Equalization Board. This additional statutory remedy must prevail over § 15.49, 68 O.S.1951, insofar as they may conflict, in order to give effect to the latter enactment. In re Tindell, Okl., 292 P.2d 1022.

Prior to the statutory change hereinabove noted, an action involving a somewhat similar factual situation was presented. Hays v. Bonaparte, 129 Okl. 258, 264 P. 605, 606. The essential facts in that case were that the taxpayers assessment had been raised without notice to him or knowledge of the increase by him, and that he did not learn of the increase until after the County Board of Equalization had adjourned. The defendant contended that it was necessary for plaintiff to bring a proceeding before the county commissioners for relief and that the remedy before that board prevented an action to recover the taxes paid under protest. The court examined §§ 9674 and 9648, C.O.S.1921, (the statutory ancestors of sec. 184d) and determined that those statutes did not authorize the Board of County Commissioners to grant relief under the factual situation presented. However, the opinion then noted:

"* * * If the commissioners had jurisdiction to grant relief in plaintiff's cause of action, he could not maintain his suit here, but his remedy would be before the county commissioners, * * *."

The Hays case has been cited many times since in support of the proposition that the notice of an increased assessment is mandatory and that an action under

§ 15.50, 68 O.S.1951, is the only remedy where the requisite notice has not been given the taxpayer. Almost all of these subsequent cases arose, however, prior to the enactment of § 184d, 68 O.S.1951, in its present form.

 In State v. State ex rel. Shull, 142 Okl. 293, 286 P. 891, 899, the following statement appears:

"The rule of law seems to be settled by our court, and by the Supreme Court of the United States, and by the great might of authority, that it is the duty of a taxpayer, feeling himself aggrieved by an erroneous assessment, to exhaust his available statutory remedies before the administrative boards before resorting to courts for relief. This is the holding of this court in Daniel v. Stucky (118 Okl. 150, 257 P. 776, 777), and Cotton v. Blake (133 Okl. 60, 270 P. 1105), supra, and in each of these cases this court held that the aggrieved taxpayer must exhaust his remedy before a board of equalization or review, *and that, if he fails to do so, he cannot pay his taxes under protest and sue to recover the same back as provided for in sections 9970, 9971, C.O.S. 1921.*" (Emphasis supplied.)

That statement of the law has been consistently adhered to by this court. Keaton v. Bonaparte, 174 Okl. 316, 50 P.2d 404; Lairmore v. Board of Commissioners of Okmulgee County, 200 Okl. 436, 195 P.2d 762; Billingsley v. North, Okl., 298 P.2d 418. It is dispositive of this appeal. Here, the defendant in error had actual knowledge of this increased assessment for almost six months during which she could have proceeded before the Board of Tax Roll Corrections. An action of this nature is authorized only where "the illegality of the tax" arises "by reason of some action from which the laws provide no appeal." § 15.50, 68 O.S.1951.

The defendant in error relies on Chapman v. Thompson, Okl., 288 P.2d 720, which reiterates and applies the rule of Hays v. Bonaparte, supra. Although that action arose after the statutory change noted herein, it does not appear that it conflicts with the view here expressed. The decisive question here was not discussed in or decided by that opinion.

Judgment reversed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commissioner, the cause was assigned to a Justice of this Court. Therefore, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

CORN, V. C. J. and DAVISON, HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.