**DEEP FORK CONSTRUCTION COMPANY,**
a corporation, Plaintiff in Error,

v.

**The BOARD OF TAX ROLL CORRECTIONS et al., Defendants in Error.**

No. 40100.

Supreme Court of Oklahoma.

March 17, 1964.

Rehearing Denied April 28, 1964.

Monnet, Hayes, Bullis, Grubb & Thompson, by John T. Edwards, Oklahoma City, Sam T. Allen, III, Sapulpa, for plaintiff in error.

Clyde Patrick, Sapulpa, for defendants in error.

JOHNSON, Justice.

This is an appeal from the District Court of Creek County, Oklahoma, upholding a ruling of the Board of Tax Roll Corrections of Creek County denying a refund to the Deep Fork Construction Company, a corporation, plaintiff in error, of $2,968.-49 sought for taxes claimed to be illegally levied, assessed and collected by Creek County.

The plaintiff in error, referred to as plaintiff, had a contract with Creek County to construct conservation dams and similar work and in January, 1960, was engaged in the performance of this work. At that time the machinery and equipment which it used in the work was leased from other concerns. In May, 1960, the plaintiff received notice from the Creek County Board of Equalization of assessing "earth moving equipment" at $61,145.00. By letter the plaintiff advised the Board that it did not own the equipment. November 1, 1960, plaintiff received a tax statement from the county treasurer for $2,753.04 for taxes on such equipment.

In the spring of 1961, the sheriff of Creek County advised that an alias warrant had been issued against the equipment. After discussion with the county assessor, plaintiff issued a letter advising of the ownership of the equipment. June 16, 1961, the sheriff seized said equipment under the alias warrant. In order to secure a release, plaintiff paid the taxes and penalties in the sum of $2,968.49, without protest. After an appeal to the Board of Tax Corrections and denial of the refund claim, this action in the District Court followed. From a judgment in favor of the tax board, this appeal follows.

The issues advanced by plaintiff are presented in two inquiries: "(1) Does 68 O.S.A. Sec. 184(d) provide relief in a case of this nature?" and "(2) Did the plaintiff herein lose or waive its rights by its failure to appear before the Equalization Board of Creek County and payment of the taxes after seizure of its equipment by the Sheriff of Creek County?"

We must first examine the validity of the assessment made. A resolution of this question may answer the entire problem. All tangible personal property is assessed as of January 1st each year in the county where located. See 68 O.S.1961 § 15.8. That this property was located in Creek County on January 1, 1960 is admitted; that the property was subject to taxation is admitted. The record further reflects that the property was not assessed by the assessor as of that date. It was therefore omitted property.

Title 68 O.S.1961 § 15.40 in defining the powers of the equalization board provides: "(b) To add omitted property." This section does not specify the form of notice which must be given for "omitted property," but Sec. 15.41 does, however, provide notice as follows:

"In any case where the County Assessor shall increase the valuation of any property above that returned by the taxpayer, * * * the Assessor shall notify the person in whose name any such property is listed, giving the amount of such valuation as increased. Such notice may be by mail or delivery to the last known address of such person, or to the person in charge or possession of the property. In any case where the county Board of Equalization shall increase the valuation of any property above the value returned by the taxpayer, or shall add property not listed by the taxpayer * * * the Secretary of the County Board of Equalization shall notify by mail to his last known address, the person in whose name any such property is listed, giving the amount of such valuation as increase. * * *"

▪ Notice was given. We think that any reasonable construction of this section must hold that notice by the board to the party in possession is sufficient.

The record in this case shows that the requirements of the statute were complied with by mailing notice of the placing of such property on the tax rolls, together with the description of property, the amount of the assessed valuation and notice that protest might be filed within ten days. No protest was filed.

Up to this point, we find that a legal assessment of the property had been made. It but remains to consider whether proper steps were taken in any manner to attack such assessment.

From here on this record presents a confused picture of unanswered questions. Why did the lessee of this equipment not notify the real owners of the property concerning the tax levy? Why did the lessee not proceed against the lessors for the taxes paid? Why did the lessee fail to appear before the equalization board after notice? Why did the lessee fail to pay the taxes under protest? Why wait more than a year before taking steps to correct the claimed error? No answer to any of these questions is presented by the record.

The record does show that the plaintiff failed to appear before the equalization board although it was in session at least twenty days after notice of the assessment of the omitted property. In the case of Parkinson v. Valente, Okl., 326 P.2d 826, the syllabus reads:

"When the statutes provide a remedy against an excessive, erroneous, or improper assessment of property by proceedings before a board of equalization or review, taxpayer must at his peril avail himself of such remedy, and he cannot resort to the courts in the first instance."

The plaintiff failed to urge any protest before the equalization board. The notice from this board was received about June 10, 1960. The complaint before the Board of Tax Roll Corrections was not filed until July 6, 1961, more than a year after failure to appear before the equalization board. At this time the money collected by the sheriff on June 20, 1961 had been distributed by the county to the various functions of government and disbursed.

It is urged by the defendant herein that the provision of Sec. 184d, 68 O.S.1961 contained in the last paragraph of such section constitutes a limitation. The particular language involved is in reference to applications before the Board of Tax Roll Corrections and reads as follows:

"* * * but if less than one (1) year shall have elapsed after the payment of the tax and before the filing of such application for correction of error, * * * the County Clerk * * * shall thereupon issue his cash-voucher * * *."

We do not believe it necessary to pass upon this question. We are of the opinion that application of the doctrine of laches establishes that plaintiff had failed to pursue its legal remedy, if any error existed, for an unreasonable passage of time. The periods of disbursement of county funds are fixed by law, and therefore must be deemed known by the taxpayer. In the absence of a statute of limitations, if Sec. 184d, supra, is not a limitation, a reasonable time must be determined by each individual case. Laches is not dependent upon time alone, but upon detriment caused by delay as well. For a tax refund claimant to defer the filing of his refund proceeding until the funds have been disbursed is certainly a detriment to the taxing authority. Even a payment under protest, which was not done, would undoubtedly have segregated the fund until a final determination of the merit of the claim was adjudicated. 68 O.S.1961 § 15.48.

We find a similar situation in the case of Thompson v. Willis, 202 Okl. 538, 215 P.2d 850. In that case the land involved was condemned by the federal government. In disbursing the condemnation money, the government sent a check to the county treasurer for taxes illegally assessed. The former owner sued for a refund. This suit was filed after the money had been distributed to the various arms of county government. In discussing this situation, the court said in the third paragraph of the syllabus:

"An action commenced by such former owners after more than three years to procure a refund of such taxes after the same have been legally disbursed to the county and its municipal subdivisions and applied by them to the payment of warrants and legal obligations for the fiscal year of 1942 is without authority of law and may not be maintained."

While it was a period of three years in the case cited, we are of the opinion that time was not the controlling factor, but the fact of distribution. In the instant case, the same situation exists although the time period is less. We repeat the dates involved here. The assessment by the equalization board was made May 13, 1960. No protest followed. Tax was paid June 20, 1961, without protest. The complaint before the Board of Tax Roll Corrections was filed July 6, 1961, and denied July 13, 1961, well over a year after the assessment and notice by the equalization board. This suit was filed in the District Court August 14, 1961, a year and 93 days after the assessment.

We hold the claimant guilty of laches and not entitled to recover.

Judgment affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON and BERRY, JJ., concur.

IRWIN, J., concurs in result.