**PINNACLE DESIGN, INC., A Nevada corporation, Appellant,**

v.

**F.G. BUCHANAN, in his capacity as Chairman of the Oklahoma County Board of Tax Roll Corrections; Frank Burns, in his capacity as Vice–Chairman of the Oklahoma County Board of Tax Roll Corrections; John J. Garvey, in his capacity as member and Secretary of the Oklahoma County Board of Tax Roll Corrections; E. Melvin Porter, in his capacities as County Assessor of Oklahoma County and member of the Oklahoma County Board of Tax Roll Corrections; and Forrest "Butch" Freeman, in his capacity as Oklahoma County Treasurer, Appellees.**

No. 83232.

Court of Appeals of Oklahoma, Division No. 4.

Jan. 10, 1995.

Certiorari Denied March 22, 1995.

---

Ted A. Ross, Mahaffey & Gore, P.C., Oklahoma City, for appellant.

Robert H. Macy, Dist. Atty., Lou Keel, Asst. Dist. Atty., Oklahoma City, for appellees.

TAYLOR, Presiding Judge.

Pinnacle Design, Inc. (PDI), plaintiff, appeals from the trial court's grant of summary judgment to defendants. We affirm, but remand to the trial court for modification of its judgment to reflect dismissal of PDI's district court appeal for lack of jurisdiction.

This matter originated as an administrative proceeding before the Oklahoma County Board of Tax Roll Corrections (TRC Board), in which PDI sought reduction of its 1992 and 1993 ad valorem personal property tax assessments. The TRC Board denied PDI's requested relief, and PDI appealed to district

court seeking a *de novo* hearing under 68 O.S.1991 § 2871(F).

The evidence attached to the parties' trial court briefs reflects that since July 1, 1991, PDI, a Nevada corporation, has operated Treasures jewelry store in Oklahoma City. From 1986 to June 30, 1990, the store was owned and operated by Barry's Jewelers, Inc., a California corporation. Between Barry's and PDI's ownership, the store was operated by another corporate owner. PDI has never been associated with Barry's.

In October 1992, PDI received an ad valorem personal property tax statement for the 1991 tax year (the 1992 assessment), reflecting a net inventory valuation of $249,690. PDI asserts this valuation is based on inventory owned by Barry's. Defendants admit the inventory was arbitrarily assessed because PDI failed to report its business personal property as required by 68 O.S.1991 § 2835. The assessor's office also produced evidence of a notice of valuation, dated May 8, 1992, addressed to the same address as the one appearing on the October 1992 tax statement.

PDI claims it did not receive the May 1992 notice and that it was unaware of the $249,690 valuation until October 1992. On December 29, 1992, PDI tendered to the assessor the amount of taxes it believed due based on its own inventory records. On March 19, 1993, PDI submitted its report under section 2835, showing the average value of its 1992 inventory to be $15,000. In April 1993, however, the assessor sent PDI a notice reflecting an assessment valuation of $217,333. The assessor also issued a tax statement to PDI based on the $217,333 valuation.

In August 1993 PDI filed a "Complaint of Erroneous Assessment and Petition for Correction" with the TRC Board, challenging the 1992 assessment. According to an affidavit filed on PDI's behalf in its district court proceeding, the TRC Board rejected most of PDI's complaint.

PDI appealed to district court seeking a declaratory judgment that the 1992 assessment violated 68 O.S.1991 § 2871(C)(1), (10) and (13). Defendants moved for summary judgment, alleging, among other things, that PDI had not paid its assessed taxes under protest as required by 68 O.S.1991 § 2884(A), and that PDI had not followed "mandatory procedures" of 68 O.S.1991 §§ 2876 through 2880.1. Those sections [1] involve filing a written complaint with the assessor, meeting informally with the assessor, and appealing an adverse decision of the assessor to the county equalization board.

The trial court granted defendants' motion, finding that PDI was required to follow the section 2876 procedures. PDI moved for new trial or clarification, on grounds that the trial court's judgment was unclear as to whether it applied to the 1992 assessment, the 1993 assessment, or both. PDI then filed a supplemental brief, arguing for the first time that the taxes were void to the extent they were assessed during September 1991 to March 1993, because PDI was in Chapter 11 bankruptcy in California during that time.[2] The trial court denied the motion.

PDI, appealing pursuant to the accelerated procedures of Civil Appellate Procedure Rule 1.203(A), 12 O.S.Supp.1993, ch. 15, app. 2, lists thirteen separate allegations of error on appeal, raising the following issues:

—Whether the tax assessments for 1991 and 1992 were valid;

—Whether PDI was required to proceed under section 2876, as held by the trial court;

—Whether PDI was required to pay the assessments under protest in order to appeal from the decision of the Board of Tax Roll Corrections;

—Whether PDI's bankruptcy status voids the tax assessments during that time period; and

—Whether the trial court abused its discretion by refusing to clarify its ruling.

---

1. Sections 2878 through 2880 were repealed in 1989.

2. Although PDI also alleged it was "discharged" in those proceedings, the exhibits attached to

PDI's supplemental brief reflect that PDI requested dismissal of its Chapter 11 petition, and that the bankruptcy court granted the request and dismissed the case.

In deciding an appeal from a summary judgment, if this court's search of the record discloses controverted material facts, or if the uncontroverted facts support legitimate inferences favoring the properly pleaded theory of the party against whom judgment was granted, the judgment should be reversed. *First Nat'l Bank and Trust Co. v. Kissee,* 859 P.2d 502 (Okla.1993). A summary judgment should be affirmed, however, when it appears one party is entitled to judgment as a matter of law, and, in such a case, it is a proper exercise of trial court discretion to refuse to grant a new trial. The trial court's decision on a new trial motion should not be disturbed unless "it clearly appears that the court erred in some pure, simple and unmixed question of law, or acted arbitrarily or capriciously." *Steiger v. City Nat'l Bank of Tulsa,* 424 P.2d 69, 70 (Okla. 1967).

Further, the trial court should be affirmed if it reached the correct result, even if its reasoning or legal theory was incorrect. *Benham v. Keller,* 673 P.2d 152, 154 (Okla. 1983). Thus, if we determine that plaintiff's claim as to both tax years was improper, then the issue is moot as to whether the trial court should have clarified whether its judgment applied to only one of those years. We find that just such a situation is presented here.

As noted above, PDI utilized the procedures of 68 O.S.1991 § 2871. Section 2871 creates a board of tax roll corrections in each county, and authorizes the board to "hear and determine allegations of error, mistake or difference as to any item or items so contained in said tax rolls" under certain enumerated circumstances, some of which are present here. Although section 2871 allows for a *de novo* appeal to district court of an adverse TRC board decision, the statute also provides that taxes which are the subject of a complaint become due thirty days after a TRC board's decision.

Here, defendants argued that PDI was required to exhaust its administrative remedies by first going before the county assessor

and equalization board under sections 2876 through 2880.1. The trial court agreed. Our supreme court has held, however, that exhaustion of remedies before a county equalization board is *not* required before a party may proceed under section 2871. *Independent School Dist. No. 9 v. Glass,* 639 P.2d 1233 (Okla.1982); *see also Parkinson v. Valente,* 326 P.2d 826 (Okla.1958). Thus, under the circumstances presented, PDI was not precluded from proceeding under section 2871. However, under the same provision, PDI's taxes became due thirty days after the TRC Board's decision. Further, under 68 O.S.Supp.1992 § 2884(A):

> The full amount of the taxes assessed against the property of any taxpayer who has appealed from a decision affecting the value or taxable status of such property ... shall be paid at the time and in the manner provided by law; and if at the time such taxes or any part thereof become delinquent, any such appeal is pending, it shall abate and be dismissed upon a showing that such taxes have not been paid.

Thus, under section 2884, payment of an assessed tax is jurisdictional, and a district court has no authority to hear an appeal if the taxes which are the subject of the appeal are delinquent and unpaid.

According to PDI, the TRC Board made its decision regarding the 1992 assessment on September 20, 1993. Thus, under section 2871, those taxes were due on October 20. Defendants submitted evidence showing that PDI's 1992 assessment has not been paid. PDI claimed to have paid those taxes, but only in the amount which *PDI* determined was due.

PDI does not contest that taxes due under the 1993 assessment remain unpaid. There also is nothing in the record to indicate that PDI filed a complaint with the TRC Board regarding its 1993 assessment, other than a contention in plaintiff's brief in support of its new trial motion.[3]

Ad valorem taxes normally are due on the first day of November each year. 68 O.S. 1991 § 2913(A). Under section 2913(A)(1),

---

3. PDI suggests in its brief that such a complaint was filed, but refers to an exhibit which is a copy of the complaint regarding the 1992 assessment. No other complaint appears in the record.

unless one-half of the amount due is paid by the following January 1, the taxes become delinquent. As such, based on the record, the 1993 assessment became due on November 1, 1993, and delinquent on January 1, 1994. Therefore, these taxes, like those in the 1992 assessment, also are delinquent.

PDI relies on *Beacon Realty Investments Co. v. Cantrell,* 771 P.2d 602 (Okla.1989), to support its argument that prior payment of taxes is not required. However, in *Beacon,* the supreme court simply held that payment of taxes "under protest" was not required where the taxpayer paid his taxes before he received notice of a valuation increase. The court did *not* hold that no payment whatsoever was required, nor did the court suggest that a taxpayer's payment of only what he believes he owes, based on his own computation, is sufficient.

Thus, under section 2884, the trial court acted correctly in determining PDI's district court appeal was improper. However, the trial court should simply have entered a judgment dismissing the appeal as having abated under section 2884, and depriving the trial court of jurisdiction. Accordingly, the trial court's judgment will be affirmed but remanded for modification in this respect.

A final issue raised by PDI relates to its status as a Chapter 11 bankruptcy debtor during at least a portion of the assessment periods. The papers that PDI submitted to the trial court state that the bankruptcy petition was dismissed by the bankruptcy court on PDI's application. They do not suggest, as PDI claims, that it received a "discharge." Unless a bankruptcy court indicates otherwise, the entry of an order of dismissal essentially restores the status quo as it existed prior to the bankruptcy petition's filing. *See* 11 U.S.C.A. § 349 (West 1993); *In re Lewis & Coulter,* 159 B.R. 188 (Bankr.W.D.Pa.1993). Thus, PDI's argument—that its temporary status as a debtor-in-possession has some effect on this proceeding—is without merit.

AFFIRMED AND REMANDED WITH INSTRUCTIONS TO MODIFY THE JUDGMENT TO REFLECT DISMISSAL OF APPELLANT'S DISTRICT COURT APPEAL.

GOODMAN and STUBBLEFIELD, JJ., concur.