**STATE** *ex rel.* FRIEND, *Co. Atty.,* v. CUMMINGS *et al.*

No. 7170.   Opinion Filed March 13, 1915.

(147 Pac. 161.)

1. **APPEAL AND ERROR—Petition in Error—Right to Amend.**
Within the six months allowed by law for filing petition in error in this court, the plaintiff in error may, upon such terms as may be imposed by this court, amend his petition in error filed herein by adding assignments of error which might properly have been included in the original petition in error; provided, all the defendants in error are properly before this court and their rights will not be prejudiced by such amendment.

2. **SCHOOLS AND SCHOOL DISTRICTS—Government of Common Schools—Operation of Statute.** Chapter 219, Sess. Laws 1913, entitled "An act prescribing laws for the government of the common schools of Oklahoma, and repealing conflicting laws," is general in its nature and applies to all public schools throughout the state. It expressly repeals all laws in conflict therewith, and, from and after January 1, 1914, when it became operative, is controlling as to all subjects included therein.

3. **SAME—School Officers—Term of Office—Municipal Corporations —"Municipal Affair."** The free public school system in Oklahoma is a matter of general state concern, and not a "municipal affair," and city charters can only run current with, and never counter to, the general laws of the state touching the free public school system; and where a city charter fixes the terms of free public school officers in such city at three years, instead of two years as fixed by the statute, the terms of said officers will expire in two years from the date of their election.

4. **APPEAL AND ERROR—Immaterial Questions—Determination.** The Supreme Court will not express an opinion upon questions presented by the pleadings, but not germane to the main issue in the case or necessary in its determination.

5. **MANDAMUS—Issuance of Peremptory Writ—Right—Decision on Appeal.** Where the return to an alternative writ of mandamus fails to state a valid and legal cause why the things commanded should not be performed by respondent, a peremptory mandamus should issue, and a denial thereof and dismissal of relator's action by the trial court is error for which the cause will be reversed and the case reinstated; and, when all parties interested are before the Supreme Court on appeal, and there remains no issue of fact to be submitted to the court or jury below, this court will reverse the case and render the judgment the trial court should have rendered, granting peremptory mandamus.

(Syllabus by the Court.)

*Error from Superior Court, Pottawatomie County;*

*Leander G. Pitman, Judge.*

Mandamus by the state, on the relation of C. W. Friend, county attorney, against E. D. Cummings and others, composing the county election board, and others. Judgment for defendants, and plaintiff brings error. Reversed and mandamus granted.

*Mark Goode,* for plaintiff in error.

*W. L. Chapman* and *W. T. Williams,* for defendant in error Board of Education.

*Abernathy & Howell,* for defendants in error Pace and Gallaher.

*C. J. Bocher,* for defendant in error County Election Board.

BROWN, J.  This action was commenced in the superior court of Pottawatomie county by the state on the relation of the county attorney against defendants in error, E. D. Cummings, E. J. Dickerson and C. J. Bocher, composing the election board of said county, to compel them by mandamus to call and order a primary election in independent school district No. 93, composed of the city of Shawnee, a city of the first class, and an adjacent outlying territory, for the purpose of the nomination and selection of a candidate for treasurer in said school district and a board of education therein to consist of one member from each of the six wards in said city and one member from said outlying territory, as provided in section 6, art. 6, c. 219, Sess. Laws 1913.  The court granted an alternative writ of mandamus as prayed for and made same returnable February 18, 1915.

The election board in due time made its return and answer to said alternative writ, containing a general denial of the allegations therein set forth and stating in general terms and in substance:  It had duly ordered a primary for March 16, 1915, for the nomination and selection of candidates for the board of education and for members thereof for all wards in said city in which there would or could be vacancies to be filled at the April, 1915, election therein.  It is further alleged that in April, 1914, under the provisions of the charter of the city of Shawnee, the present incumbents in wards 1 and 4 were duly elected, and that their terms of office under the provisions of said

charter will not expire until April, 1917. It is further agreed that the charter of said city authorizes the board of education to fill by appointment all vacancies therein, and that in 1914 there were no nominations at primary election made for members of the board of education for wards 1, 2, 3 and 5 in said city, and that members for said wards were filled by appointments made by the board from time to time to fill vacancies occurring, and that under the provisions of said charter, the terms of said appointees will not expire until April, 1917, except from 1 and 5, whose terms will expire in April, 1916, and except members serving in wards 2 and 3, which will expire April, 1915, and it is alleged that such members from wards 2 and 3 are the only members of the board of education to be elected in the April, 1915, election in said city of Shawnee, and one member from the outlying and adjacent territory, and that it has duly called a primary election for March 16, 1915, for the purpose of nominating and electing members of the board of education from said wards 2 and 3 and from said outlying territory. The respondent has not referred to or mentioned the treasurer of said school district, but does say it has performed all the duties required of it by law in connection with such primary election.

The board of education for the city of Shawnee, over objections of plaintiff below, was permitted by the court to intervene in said cause and separately assign reasons why the alternative writ should be discharged. A. S. Pace was also granted leave, over plaintiff's objections, to intervene in said cause and file separate reasons why the alternative writ should be discharged as to him. He alleged, in substance, that in 1913 he was duly elected treasurer of the school board of the city of Shawnee for the term of three years, and that his term of office will not expire until 1916, and he further alleges that the time has passed in which notice can be given of the holding of a primary election

for the election of a treasurer of the school board of the
city of Shawnee as required by law. W. M. Gallaher was
also granted leave, over plaintiff's objection, to intervene
in said cause in his own behalf, and he alleges that the
alternative writ should be discharged and relator granted
no relief, for the reason that he was duly and legally elected
April, 1914, a member of the board of education of the city
of Shawnee from the fourth ward of said city for the term
of three years, and that only one year of his term has
expired, and the time has passed for calling and holding
a primary election for nominating or selecting a candidate
from the fourth ward.

On February 19, 1915, plaintiff filed in said court a mo-
tion praying for a peremptory writ on the petition, alterna-
tive writ, and return thereto. On February 22d, the court
entered an order denying plaintiff's motion for peremptory
writ, and thereupon dismissed the cause, to which plaintiff
excepted.

The plaintiff brings the case to this court on numerous
assignments of error, and, after the case reached this court,
and on the day the same was set down for submission and
oral argument, this court granted plaintiff leave to amend
his petition in error, and to allege, as further and additional
grounds therefor, the order of the trial court dismissing
the case without further hearing upon the merits. We fail
to understand why the trial court permitted the board of
education, the treasurer of the school board, and an indi-
vidual member of said board to intervene in this case, as
under the statute the case could be disposed of upon the
issues presented in the alternative writ and the answer of
the board of election thereto. When an alternative writ in
mandamus has been issued and served the proceedings are
governed by sections 4913, 4914, and 4915, Revised Laws
1910, as follows:

"On the return day of the alternative writ, or such further day as the court may allow, the party on whom the writ shall have been served may show cause, by answer made in the same manner as an answer to a petition in a civil action.

"If no answer be made, a peremptory mandamus must be allowed against the defendant; if answer be made, containing new matter, the same shall not, in any respect, conclude the plaintiff, who may, on the trial or other proceeding, avail himself of any valid objections to its sufficiency, or may countervail it by proof, either in direct denial or by way of avoidance.

"No other pleading or written allegation is allowed than the writ and answer; these are the pleadings in the cases, and have the same effect, and are to be construed and may be amended in the same manner as pleadings in a civil action; and the issues thereby joined must be tried, and the further procedings thereon had, in the same manner as in a civil action."

The alternative writ and return thereto, constituting the pleadings in the case, shall be construed as pleadings in ordinary civil cases. *Harris Finley, Probate Judge, v. Territory of Oklahoma,* 12 Okla. 621, 73 Pac. 273, syllabus paragraph No. 8.

Assignment No. 2 of the assignments of error by plaintiff in error reads as follows:

"Said court [referring to the trial court] erred in refusing the peremptory writ prayed for by plaintiff, which ruling of the court was duly excepted to at the time."

Assignment No. 3 is:

"That said court erred in not rendering judgment for the plaintiff in error on its motion for a peremptory writ of mandamus on the petition, answer and return of defendant county election board."

Both of these assignments present the same question, and are sufficient for final disposition of the case. Was the refusal of the court to grant plaintiff's motion for the peremptory writ error?

The alternative writ commanded the election board to appear and show cause why it should not order a primary election for the nomination and selection of members of the board of education from each of the six wards of the city of Shawnee and from the outlying territory adjacent thereto and for the nomination of a treasurer for independent district No. 93, as provided in section 6, art. 6, c. 219, Sess. Laws of 1913, which became operative January 1, 1914. Said chapter 219 applies to all public schools in the state of Oklahoma, and contains full and complete provisions for the government and regulation thereof. Article 6 thereof applies especially to public schools in cities of the first class, and in districts including said cities and outlying territory connected therewith, and which are, by said article, constituted independent school districts. Section 6 of said article provides that at the biennial city election in 1915 there shall be an election of all the officers named therein, viz.:

"A school treasurer by the city at large  *  *  *  and [a member of the] board of education consisting of one member from each ward and one from outlying territory to be nominated from the respective wards or outlying territory and elected by the qualified voters of the district at large."

And unless the return of the respondent to said alternative writ shows some excuse why it should not order a primary election for said officers, then said return fails to state any defense to the alternative writ, and in that event, regardless of plaintiff's motion for judgment upon the petition, etc., the trial court should have granted a peremptory writ of mandamus upon the alternative writ and return. The respondent county election board contends that it should not be required and, by law, is not required to order a primary election for the selection of certain members of the board of education, because, it says, in 1914 said members were elected under the provisions of the city charter

of the city of Shawnee for a term of three years from and after such election, and under the proviso in section 6, article 6, referred to, all officers and members of the board of education theretofore elected by said city hold their offices until the expiration of their terms for which they were elected, viz., April, 1917; and said respondent further alleges that other members of the board named in the alternative writ were appointed to fill vacancies occurring from time to time, and that under the provisions of said city charter such appointees hold their office for the unexpired terms of the officers to succeed whom they were appointed, and that under the provisions of the city charter said offices do not expire until 1916 and 1917.

On the other hand, it is contended by plaintiff in error, relator, that under the laws in force at the time of said election the terms of the members of the board of education were limited to two years, and that the provision of the city charter that such officers elected and appointed should serve for a term of three years is void; and plaintiff in error further contends the city of Shawnee was without authority to either elect or appoint such officers for any time. The questions thus presented are: (1) Did the city of Shawnee in March, 1914, have authority to elect or appoint the officers named in section 6, article 6, for any term whatever? (2) If so, when do the terms of the officers so elected and appointed expire?

It will be observed that chapter 219, above referred to, became operative in all its provisions throughout the state January 1, 1914, and by express provisions repeals all laws in conflict therewith. Section 6 is unambiguous and mandatory. It provides that at the biennial city election in 1915 the officers above named shall be elected. This section means exactly what it says, and the language used to express the same, therein required, is certain and spe-

cific and leaves no room for quibble over its construction. All laws in conflict with it are repealed.

In the case of *Board of Education of City of Ardmore v. State ex rel. Best*, 26 Okla. 366, 109 Pac. 563, Ann. Cas. 1912B, 101, points 1 and 2 of the syllabus, it is said:

"The free public school system which the Legislature is directed to establish by article 13 of the Constitution is a matter of general state concern, and not a municipal affair. City charters adopted under section 3, art. 18, of the Constitution, authorizing any city containing a population of more than 2,000 inhabitants to frame a charter for its own government, can only run current with, and never counter to, the general laws of the state touching the free public school system."

The question of whether any of the officers named in section 6, who may have been heretofore elected in the city of Shawnee, may hold over or continue in office after the 1915 election is not before us in this case, and we decline to express any opinion thereon.

We hold that the allegations in respondent's return to the alternative writ stated no excuse why it should not cause a primary election to be held for the nomination and selection of the several officers therein named, and otherwise comply with the terms in the alternative writ contained, and therefore the trial court erred in not issuing peremptory mandamus for plaintiff below upon the alternative writ and the return thereto, and also erred in dismissing plaintiff's action.

The judgment of the lower court denying relator a peremptory writ of mandamus and dismissing plaintiff's action will, therefore, be set aside as to respondent county election board and the cause reinstated as to it; and all parties interested being present in this court, and there being no issue of fact to be determined in the trial court, a peremptory mandamus is hereby granted against the

defendant in error the county election board, commanding it and the several members thereof, immediately upon the receipt of the peremptory writ of mandamus herein granted, to convene in regular or called meeting and then and there designate suitable voting places within said school district and outside the limits of the city of Shawnee at which the voters in such territory may vote, appoint precinct election boards for such precincts, cause the usual and legal notice of a primary election to be given to each of said precincts, and to each precinct within the city of Shawnee, showing that a primary will be held at the proper voting places on the 16th day of March, 1915, to nominate one candidate from each of the six wards of said city and one from the territory of said school district outside of said city and also a treasurer of the board of education for the city of Shawnee, Okla., and to receive and file all notices of candidates for such offices and prepare at the proper time the ballots for said election and place thereon the names of all persons legally filing with the board for that purpose, and to prepare all necessary supplies, make the usual and legal arrangements, and do all things necessary to be done to hold a legal primary for the purpose of nominating said candidates, to receive the returns from said precinct boards, canvass the same, and certify the results to the city clerk of the city of Shawnee, Okla.

All the Justices concur in final conclusion except Justice SHARP, not participating.