## STATE ex rel. KING, Atty. Gen., v. WHITE et al.

No. 25415.    Dec. 18, 1934.

J. Berry King, Randell S. Cobb, and Hudson & Hudson, for plaintiff in error.

Silverman, Rosenstein & Fist, for defendants in error.

BAYLESS, J.  The state of Oklahoma, on relation of the Attorney General, hereinafter called appellant, prosecutes this appeal from a judgment of the district court of Tulsa county, Okla., in favor of Luther White et al., hereinafter called appellees.  The action was instituted by the Attorney General acting upon written authority and direction from the Governor of the state of Oklahoma, and was designed to determine the membership validity of the board of education for school district No. 22, Tulsa county, Okla. (commonly called the board of education of the city of Tulsa, Okla.).

All of the facts material to a determination of the matter were stipulated to or consisted of statutes of which we take judicial notice.  There is no dispute as to the manner in which the present members of said school board were elected or appointed to office, and the only question for us is one of law as to the construction of the statutes applicable to this situation.

The Legislature of Oklahoma enacted a statute in 1910 (chap. 113, S. L. 1910), the pertinent portion of which reads:

"Provided * * * that * * * cities * * * which have * * * adopted a charter form of government, * * * shall have the power of fixing the number of members of their board of education, and their terms of office, and may, subject to the Constitution and general laws of the state, regulate the time and manner of the election of the members of the board of education."

Acting in pursuance of this statute, the city of Tulsa passed an ordinance, which became effective in March, 1913, in which it established a school board to consist of seven members, to serve three-year terms, for, and to be elected at regular elections to be held in 1913, and again in 1914, and each third year thereafter, and otherwise governing the details of the selection of members of said board.  In 1913 the Legislature of Oklahoma enacted chapter 219, S. L. 1913, which was held by us to be a general code for the government of schools within Oklahoma and to have repealed the act of 1910, supra, and any other law or ordinance in conflict therewith.  See State ex rel. Friend v. Cummings, 47 Okla. 44, 147 P. 161.  No attention was paid to this act of the Legislature by this school district or school board at that time.  However, the Legislature was in session at the time this court announced its decision in that case, and the Legislature thereupon enacted chapter 278, S. L. 1915, which amended the act of 1913, supra, to exempt

from its embrace school boards governed by city charters and ordinances, and further provided that any school boards created or existing in conflict with the act of 1913, supra, as construed by this court, were expressly validated and approved, and authority to create or govern such school boards in such manner in the future was granted. The school board or district involved herein continued to constitute and perpetuate itself under the provisions of said ordinance, and was so doing at the time this suit was brought in 1933. In the meantime, however, the Legislature had in 1927 enacted chapter 79, S. L. 1927 (secs. 6854-8, O. S. 1931), which reads in part:

"Any school district now existing, or which may hereafter be established in the manner provided by law, which shall contain within its limits two or more incorporated towns, and in which one or more fully accredited high schools shall be maintained, or which shall contain one or more cities of the first class and one or more incorporated towns, or which shall contain two or more cities of the first class shall constitute an independent school district."

The act then proceeds to detail the method and manner of composing a school board for such independent school districts, which, in almost all particulars, differs from the method and manner prescribed by the ordinance aforesaid.

The question to be determined is whether this act applies to school districts containing within their borders charter cities. If this question is determined in the affirmative, then we must hold that the ordinance adopted by the city of Tulsa, in keeping with the act of 1910, and the act of 1913, as amended by the act of 1915, as well as those acts, are repealed, and that the said school board is not now constituted as required by law, and that appellees are not legally holding their offices.

The argument made by the appellants is that the coverage of the definition of independent school districts contained in the act of 1927 is general and inclusive, and there are no exceptions in favor of such districts embracing charter cities. The arguments made by the appellees are: (1) That the act of 1927 is general and does not supersede the act of 1913, as amended by the act of 1915; (2) that said definition of independent school districts is not sufficiently comprehensive to include a school district embracing a charter city; (3) that there is no conflict between the definitions and provisions of the act of 1927 and those preced-

ing it, supra, and the repealing clause of the act of 1927 does not affect the previous legislation; and (4) that a study of the history of legislation in this state concerning school districts and the composition and establishment of school boards will disclose that charter cities have always been accorded the right or privilege of composing and establishing their school boards in a manner suitable to themselves even though differing from other school boards.

We are impressed by the arguments of both sides, and we wish there were more expression of the Legislature's intent in the act of 1927. But there is not, and we must undertake to determine this question with that thought in mind, and in so doing we must have resort to the rules of statutory construction as heretofore announced.

Section 3, art. 18, Constitution of Oklahoma, permits municipalities having a population above a certain figure to adopt charters for the government, which charters and the ordinances adopted thereunder are paramount to the laws covering the details of municipal government in Oklahoma generally, but which charters and ordinances shall not contravene the Constitution and established laws of this state. See Owens v. City of Tulsa, 27 Okla. 264, 111 P. 320.

This section of the Constitution, in relation of the act of 1910, supra, has been construed to mean that cities adopting charters may govern the details of the establishment, composition, and continuation of their school board, even in a manner differing from that of school districts not embracing charter cities (Cotteral v. Barker, 34 Okla. 533, 126 P. 211); but that they may not attempt themselves, nor vest in said school boards, powers in excess of the general laws of this state (Bd. of Ed. v. State ex rel., 26 Okla. 366, 109 P. 563).

In considering the history of legislation upon this subject, we find that the Legislature conferred a special right or privilege upon charter cities in this respect. We also find that, in 1915, when the Legislature learned that it had, by the act of 1913, withdrawn this right or privilege, it immediately acted to restore it. We believe then that prior to 1927, the settled policy of our Legislature was to permit charter cities a privilege in this respect not accorded school districts not embracing charter cities.

The act of 1927, supra, may well be construed either way. It is broad enough in its terms to cover the school district in-

volved herein; and yet it does not manifest an irrefutable intention to undo by general legislation what the Legislature has previously done by special legislation. To hold that the act of 1927, supra, is inharmonious with the previous acts, supra, is to hold that they conflict in their terms and application in a manner that cannot be remedied or reconciled short of destruction of the earlier acts. We cannot hold that they do so conflict. The inclusion of a charter city within the borders of the school district is the sole ground upon which this conflict could be said to exist. No more conflict, or confusion, or uncertainty would arise from excluding this school district from the meaning of the act of 1927, supra, than formerly existed. By adopting this construction of the act of 1927, supra, it is not difficult to ascertain which school districts are under it and which are not.

Where no irreconcilable conflict between statutes exists, and they can be construed in harmoney, it is our duty to so construe them, and to leave them both in existence. In re Guardianship of Pitman, 127 Okla. 210, 260 P. 452; and Sackett v. Rose, 55 Okla. 398, 154 P. 1177.

In addition to this, repeals or amendments by implication or construction are not favored (Carpenter v. Russell, 13 Okla. 277, 73 P. 930, and Wagner v. Swann, 162 Okla. 95, 19 P. (2d) 555); nor will statutes conferring special rights or privileges be held amended or repealed by later and general statutes, unless the intention to amend or repeal is clearly expressed, or unless there is an absolute incompatibility (A., T. & S. F. R. Co. v. Haynes, Co. Tr., 8 Okla. 576, 58 P. 738; Union Sav. Ass'n v. Burns, 74 Okla. 1, 176 P. 227; and Hollis v. Adams Gin Co., 115 Okla. 25, 241 P. 744).

We therefore hold that the act of 1927, supra, does not apply to the school district involved herein.

As to the argument that the present status in that school district permits the city of Tulsa to govern, by charter and ordinances, territory without its corporate boundaries, we can only say that this objection and argument was made and disposed of in Cotteral v. Barker, supra, and if our decision therein was contrary to the policy of the Legislature, the Legislature has not so indicated. Judgment affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, and OSBORN, JJ., concur. CULLISON, V. C. J., and BUSBY and WELCH, JJ., absent.