STATE of Oklahoma ex rel. Ernest E. CLULOW, Jr., Plaintiff in Error,

v.

BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT NUMBER ONE of TULSA COUNTY, Oklahoma; and A. Jackson Lawrence, City Auditor of City of Tulsa, Oklahoma, Defendants in Error.

No. 38694.

Supreme Court of Oklahoma.

May 5, 1959.

Ernest E. Clulow, Jr., Tulsa, pro se.

C. H. Rosenstein of Rosenstein, Fist & Mesirow, Charles E. Norman, Asst. City Atty., Tulsa, for defendants in error.

BERRY, Justice.

Plaintiff in Error, State of Oklahoma ex rel. Ernest E. Clulow, Jr., will be referred to herein as "petitioner". Defendant in Error, Board of Education of Independent School District No. One (1) of Tulsa County, Oklahoma, will be referred to as "School Board" and where referred to collectively, defendants in error will be referred to as "respondents".

As reflected by history given in Owen v. City of Tulsa, 27 Okl. 264, 111 P. 320, the City of Tulsa, many years ago, adopted a charter form of government pursuant to Art. 18 of the Constitution of Oklahoma, and a legislative act appearing as C. 12, S.L.1908, which act became effective March 22, 1908. It appears that shortly after adopting a charter form of government, an independent school district was created, and as reflected by the record herein and the history given in State ex rel. King v. White, 170 Okl. 126, 39 P.2d 69, 70, an ordinance which became effective in 1913, was enacted

under which a school board of seven members was provided for. It was provided in said ordinance that the members of the school board should serve three years.

At a regular annual school board election held in 1958, Mr. Joseph M. Green was elected to fill position No. 5 on school board. In 1959 Mr. Green died. Following his death, school board met in special session and appointed Mr. William L. Butler "to fill the unexpired term of Mr. Jos. M. Green."

It became apparent in 1959 that members of school board were of the opinion that Mr. Butler was appointed to fill Mr. Green's unexpired term which would not expire until in 1961 and for said reason the manner of electing a person to position No. 5, which is the position now occupied by Mr. Butler, would not be submitted to the people at the annual school board election to be held in 1959. Petitioner made known to school board that he wished to be a candidate for position No. 5, and upon petitioner being advised by school board that it considered that said position, because of Mr. Butler's appointment thereto, would not be open until 1961, petitioner filed this action seeking by way of mandamus to require and compel respondents to place his "name on the ballot for the May 19, 1959 school board election as a candidate for Director No. 5 of Independent School District No. 1." From an adverse decision of the trial court, petitioner perfected this appeal on the original record.

In his brief, petitioner states that the issue presented by this appeal is "Does the Oklahoma School Code general statute on the subject, i. e. Title 70, O.S.1951, Sec. 4–14, as amended in 1955, control? Or does Ordinance 1103 of the City of Tulsa, Title 24, Tulsa Revised Ordinances of 1945, page 333, Section 10, control?" We agree that this is in fact the sole issue.

The pertinent portion of Ordinance No. 1103 of Tulsa and the applicable statutes of the Oklahoma Statutes are these:

Ordinance No. 1103, Sec. 10, Vacancies:

"The Board of Education elected hereunder shall have power to fill va-

cancies by appointment until the next annual election at which time a member shall be elected by the voters to serve for the unexpired term."

70 O.S.Supp.1955, § 4–14:

"Any vacancy occurring on the board of education of an independent school district and of a dependent school district maintaining a high school shall be filled by the board of education of such district for the unexpired term; provided, however, that if the board of education does not fill such vacancy within seventy (70) days after the same occurs, it shall be mandatory on the part of the board of education to call a special election to fill the vacancy for the unexpired term, which election shall be held for the election of a board member only, and the said election. shall be conducted in the same manner as the regular annual school election. Vacancies on boards of education of dependent school districts not maintaining a high school shall be filled by the county superintendent of schools for the unexpired term."

11 O.S.1951, § 35:

"* * * Provided, that cities which have adopted, a charter form of government, shall have the power of fixing the number of members of their board of education, and their terms of office, and may, subject to the constitution and general laws of the State, regulate the time and manner of the election of.the members of the board of education."

■ The free public school system of this State is a matter of general state concern and city charters cannot run counter to state statutes touching said system. In the first paragraph of the syllabus to Board of Education of City of Ardmore v. State ex rel. Best, 26 Okl. 366, 109 P. 563, this was said:

"The free public school system which the Legislature is directed to establish by article 13 of the Constitution is a matter of general state concern, and not a municipal affair."

In the first portion of the syllabus to State ex rel. Friend v. Cummings, 47 Okl. 44, 147 P. 161, the thought expressed in ·the above quoted syllabus was restated thus: "The free public school system in Oklahoma. is a matter of general state concern, and not a 'municipal affair,' and city charters can only run current with and never counter to the general laws of the state touching the free public school system."

If Sec. 4–14, supra, is here applicable then under the cited cases the provisions of said statute prevail over the provisions of Ordinance No. 1103, Sec. 10, supra, and the trial court did not err in rendering judgment against petitioner.

■■ Petitioner contends, however, that Sec. 4–14 is not applicable because the Legislature did not intend that said statute apply to a city with a charter form of government. In support of said contention petitioner cites Sec. 5837, Statutes of Okla. 1893, and subsequent statutes, which are no longer in effect, to the general effect that where practical, vacancies in the membership on school boards shall be filled at the school board election next following the vacancies. The history that petitioner gives concerning such statutes and of other statutes relating to schools is interesting and enlightening but does not tend to establish that the statutory law applicable to this case is other than the law set forth in the statutes which we have quoted supra. Petitioner also cites and stresses 11 O.S. § 35, supra, and stoutly contends that the effect of said statute is to give cities which have a charter form of government authority of fix the "term of office" of school board members and that said quoted phrase, as we understand petitioner, includes the right of such a city, by ordinance, to say that the term of an appointed school board member shall not extend beyond the annual school board election which follows the appointment. We are unable to agree. "The phrase 'term of office' is one generally used to mean the fixed period of time for which the office may be held", 67 C.J.S. Officers § 42, p. 195. In Wilson v. Shaw, 194 Iowa 28, 188 N.W. 940, 942, the court stated that where a term

of an office is fixed, "the term lives on even though the incumbent resigns, is impeached or dies." We are of the opinion that the term of office of a person elected to membership on school board was three years; that where a person was appointed to succeed a person who had been elected to said board, said appointee's term of office was the remainder of the three-year term that his predecessor had not served, therefore in using the phrase "term of office" in that portion of Sec. 35, supra, which we have quoted, the Legislature must be said to have been referring to the "fixed period for which an office may be held", which in the instant case is three years, and in using the phrase "unexpired term" in Sec. 4–14, supra, the Legislature must be said to have been referring to that portion of the term of office to which a person is appointed which remains as of the date of appointment.

■ Petitioner states that the codifier of the 1910 Oklahoma Statutes deleted from a statute bearing upon the issues presented by this appeal, certain relevant matter. We are unable to agree. However, if we assume such is in fact the case, the error was cured upon the 1910 Okla. Statutes being adopted in 1913. See Barnett v. Barnett, 158 Okl. 270, 13 P.2d 104.

■ Upon petitioner attempting to become a candidate for position No. 5 on school board, Mr. Butler, the person appointed to succeed Mr. Green, also attempted to become a candidate for said position. Petitioner asserts that this effects an estoppel and an election on Mr. Butler's part not to continue to serve as an appointed official. The position in controversy is a public office and Mr. Butler's action or inaction cannot change the statutory law applicable to the term of the office which he holds. We add, that by force of statute an appointed officer holds office until the end of the term for which the officer whom he succeeds was elected or appointed and until his successor is elected and qualified. 51 O.S.1951 § 15.

■ Petitioner contends that if his position is not well founded, then by force of 70 O.S.1951 § 4–7, the membership on school board is limited to five members and that certain other provisions of Ordinance No. 1103 are rendered inoperative (this contention appears to be negatived by 70 O.S. 1951 § 4–10), and that those who filed for positions on school board which will be filled at the annual 1959 school election filed prematurely. In our opinion the issue presented by this appeal is whether Ordinance No. 1103, Sec. 10, supra, or 70 O.S.Supp. 1955 § 4–14, supra, applies and that since the contentions above pointed out do not bear on said issue, same should not be considered in this case.

The action of the trial court in denying application for writ of mandamus is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J. and JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ. concur.