PERSONNEL BOARD — CONTROLLING AUTHORITY REGARDING ALLEGED DISCRIMINATORY EMPLOYMENT PRACTICES An appointing officer's discretion in selecting State employees pursuant to 74 O.S. 832 [74-832] (1961) is subject to the provisions of 74 O.S. 954 [74-954] (1970); (2) Pursuant to 74 O.S. 954 [74-954] (1970), the State Personnel Board has the authority to investigate any violation of said section; (3) Pursuant to 74 O.S. 833 [74-833] (1970), the appointing authority shall "appear in person or shall designate a representative to appear in his behalf and shall present the agency's position" at a hearing conducted by the State Personnel Board; (4) Pursuant to 74 O.S. 954 [74-954] (1970) the State Personnel Board has the power to enforce its order pertaining to violations of said section; (5) Although State agencies and departments are subject to the provisions of 25 O.S. 1101 [25-1101] (1970) et seq., the State Personnel Board, pursuant to 74 O.S. 954 [74-954] (1970), is the controlling authority for review regarding any alleged discriminatory employment practices of the State. The Attorney General has considered your letter dated April 8, 1971, wherein you ask the following questions: "1. Does 74 O.S. 832 [74-832] (1961), give an appointing officer unlimited discretion in selecting State employees providing he chooses one of the three persons certified by the State Personnel Board or does 74 O.S. 954 [74-954] limit his discretion? "2. After a complaint has been filed alleging a violation of 74 O.S. 954 [74-954], does the State Personnel Board have the duty to investigate and determine the grounds on which the appointing authority based his decision to select or reject an applicant? "3. May a State employer, exercising appointing authority, be called upon to justify his decision after a complaint has been filed alleging a violation of 74 O.S 954 ? "4. May the State Personnel Board order corrective action be taken after a finding that 74 O.S. 954 [74-954] has been violated? "5. Are State agencies and departments subject to the provisions of 25 O.S. 1101 [25-1101] et seq. and if so, are said agencies or departments exempt from the hearing powers granted the State Human Rights Commission under 25 O.S. 1101 [25-1101] et seq., or does the State Human Rights Commission and the State Personnel Board have concurrent jurisdiction in matters involving unlawful discrimination in State employment? Title 74 O.S. 832 [74-832] (1961), provides in part as follows: "Based upon the results of competitive entrance examinations and adequate registers, as provided by this Act, the Board shall certify to the appointing authority the names of the three (3) persons receiving the highest grade in said examinations. In filling vacant positions, the appointing authority shall select any one of the three (3) persons who names have been so certified and may give preference in all cases to persons who have resided in this State for at least one (1) year prior to the date of the examination." (Emphasis added) Title 74 O.S. 954 [74-954] (1970), provides in part as follows: "It is hereby prohibited for any department or agency of the State of Oklahoma, or any official or employee of the same for and on behalf of the State of Oklahoma: to refuse to employ or to discharge any person, otherwise qualified, on account of race, color, creed, national origin, or ancestry;. . . "It shall be the duty of the State Personnel Board to investigate, upon its own initiative, upon complaint filed by any aggrieved person, or upon complaint filed by the Human Rights Commission, any violation of this section and to enforce compliance with the same, both in the classified and the non-classified service. The Human Rights Commission shall investigate, upon its own initiative, or on complaint filed with it, any such violation and may file a formal complaint with the State Personnel Board. When any complaint is filed by the Human Rights Commission with the State Personnel Board, the State Personnel Board shall set a hearing on the same, at which hearing the Director of the Human Rights Commission, or his representative, may appear and present the finding of the Commission in regard to such violation. . ." (Emphasis added) Section 954 further provides that: ". . .the State Personnel Board shall follow the provisions of Title 74 O.S. 833 [74-833] (1961), relating to hearings, procedures, and notices and shall have power to enforce its orders pertaining to violations of this Section as is provided by law in regard to the classified service." (Emphasis added) Section 833, referred to in 854, supra, provides in part: "Within five (5) days after receipt of such appeal request, the Board shall serve said employee with a written notice of the hearing which shall be no later than thirty-five (35) days from the receipt of the appeal in form as follows:. . . "The employee so appealing shall have the right to present witnesses in his behalf or any other evidence to support his position. "The appointing authority concerned shall appear in person or shall designate a representative to appear in his behalf and shall present the agency's position in the personnel action. The Attorney General of the State of Oklahoma shall act as legal advisor to the Board, who shall rule upon the question of admissibility of evidence, competency of witnesses, and any other question of law where his ruling is requested, and such rulings of law shall be final. The hearing shall be conducted in accordance with the Oklahoma Rules of Evidence. . ." In 1968, an act was passed by the Legislature (25 O.S. 1101 [25-1101] (1970) et seq.), the purpose of which was to provide for execution 200 within the State the policies embodied in the Federal Civil Rights Act of 1964 and to make uniform, the law of those states which enact the Act; and more specifically, its purpose is to prevent discrimination in employment and public accommodations on the grounds of race, color, religion, national origin, or sex under specified conditions. The Human Rights Commission, created by 74 O.S. 952 [74-952] (1961), is charged with certain powers and duties with reference to administering such Act, 25 O.S. 1501 [25-1501] — 25 O.S. 1508 [25-1508] (1970). Concurrently with the creation of the Human Rights Commission in 1963, the State Personnel Board was given reviewing jurisdiction as to any and all discriminatory complaints relating to State employment. Such jurisdiction was extended in 1965 by assuring that the same hearing procedures provided by 74 O.S. 833 [74-833] (1970) was also applicable to those persons denied or refused State employment. Therefore, a complaining party may file his complaint with either the State Personnel Board (74 O.S. 954 [74-954] (1970)) or the Human Rights Commission (25 O.S. 1101 [25-1101] [25-1101] (1970) et seq.), and in both cases, the State Personnel Board has exclusive review authority. Where there are two statutes on the same subject the earlier being special and the later general, a presumption exists, in absence of express repeal or absolute incompatibility, that the special statute is to remain in force as an exception to the general, State ex rel King v. White, 170 Okl. 126, 39 p. 2d 69 (1935). The primary object in construing statutes is to determine the intent of the legislative body in enacting such statutes, and if two or more enactments are involved, the primary object, then is to determine the latest expression of legislative will, Trask v. Johnson, 452 P.2d 575 (Okla., 1969). Although it is clear that the State is subject to the provisions of Title 25 thereby including discrimination as to "sex", it is clear that 954 specifically gives exclusive review authority as to State employees to the State Personnel Board and the Human Rights Commission may file any valid complaint with the Board and act in an advisory capacity as provided by statute. It is, therefore, the opinion of the Attorney General, that your questions be answered in the following manner: (1) An appointing officer's discretion in selecting State employees pursuant to 74 O.S. 832 [74-832] (1961), is subject to the provisions of 74 O.S. 954 [74-954] (1970); (2) Pursuant to 74 O.S.Supp. 1970, 954, the State Personnel Board has the authority to investigate any violation of said section; (3) Pursuant to 74 O.S. Supp. 1970, 833 [74-833], the appointing authority shall "appear in person or shall designate a representative to appear in his behalf and shall present the agency's position" at a hearing conducted by the State Personnel Board; (4) Pursuant to 74 O.S. 954 [74-954] (1970), the State Personnel Board has the power to enforce its orders pertaining to violations of said section; (5) Although State agencies and departments are subject to the provisions of 25 O.S. 1101 [25-1101] et seq., the State Personnel Board, pursuant to 74 O.S. 954 [74-954], is the controlling authority for review regarding any alleged discriminatory employment practices of the State. (Larry L. French) ** SEE: OPINION NO. 71-367 (1971) **