INVESTMENT — METER DEPOSIT MONIES Treasurers of cities and towns in the State of Oklahoma are required to invest meter deposit monies as required by 11 O.S. 10 [11-10] (1971). The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Are treasurers of cities and towns in the State of Oklahoma required to invest meter deposit monies as required by 11 O.S. 10 [11-10] (1971), or can said monies be invested pursuant to 62 O.S. 348.1 [62-348.1] (1974)? Title 11 O.S. 10 [11-10] (1971), provides: "From and after the passage and approval of this Act, all monies in the hands of the treasurers of incorporated towns and cities in this State acquired by said treasurers as meter deposits required of the users of municipally owned and operated electric and/or water plants, whether acquired before or after the effective date of this Act, may, pursuant to the passage of an appropriate resolution by the governing board of said incorporated town or city, for the purpose of authorizing such an investment, be invested by the treasurer of said incorporated town or city, in the legally issued general obligations of the United States of America, or of the State of Oklahoma, or in the legally issued bonds of the municipality making said investment; provided however, before any such investment is made by any such treasurer the governing board of said investing municipality shall first approve in writing the securities in which said money is to be invested, the amount of such money being invested, and the price to be paid for the securities in which said investment is to be made provided a price above prevailing market price shall not be paid therefor; and provided further that at the time of the first or any subsequent investment of such monies, no investment of such monies shall be made unless such investment will leave a cash balance in the hands of such treasurers equal to an amount at least five per cent greater than the total number of such meter deposit rebates made by reason of withdrawals thereof by the customers of such utilities, within the twelve months period immediately preceding the date of such investments. Provided however, the investment of such funds, by any such municipality, shall in no manner impair its obligation to any person, firm or corporation, to refund in full any or all deposits theretofore or thereafter made." Title 62 O.S. 348.1 [62-348.1] (1974) provides: "The county treasurer in any county, when authorized by the board of county commissioners or the lawful treasurer of any city, town or school district, as the case may be, when authorized by the appropriate governing body, is hereby authorized to invest any monies in the custody of the treasurer in: (a) direct obligations of the United States Government to the payment of which the full faith and credit of the Government of the United States or of the State of Oklahoma is pledged; or (b) certificates of deposits of banks and trust companies when such certificates of deposits are secured by acceptable collateral as in the deposit of other public monies; or (c) in savings accounts or savings certificates of savings and loan associations, banks and trust companies, to the extent that such accounts or certificates are fully insured by the Federal Savings and Loan Insurance Corporation, or the Federal Deposit Insurance Corporation, whenever the appropriate governing board shall determine by resolution that said monies cannot then be used for the purpose for which they are to be expended. Provided, that the income received from said investment may be placed in the general fund of the governmental subdivision to be used for general governmental operations or in the sinking fund or the fund from which the investment was made." Where there are two statutes on the same subject, earlier being special and latter being general, the presumption exists, in absence of express repeal or absolute incompatibility, that the special is to remain in force as an exception to the general. See State ex rel. King v. White, 170 Okl. 126, 39 P.2d 69 (1935)- McLean v. State,95 Okl. Cr. 271, 244 P.2d 335 (1952). The rule that a later statute, general in its terms and broad enough to include matters provided for by a former special act, will ordinarily not affect a special provision of the former act is not a provision of substantive law. It is merely a rule for determining legislative intent and when it is apparent that the Legislature intended to make a later act exclusive, designed it to cover the whole subject matter to which it relates, and to embrace the entire law on the subject, it will repeal the repugnant provisions of all former acts, general or special. See Harrigill v. State,90 Okl. Cr. 347, 214 P.2d 263 (1950). From a reading of Section 348.1, supra, it is clear that the Legislature did not intend for that provision to cover the whole subject matter contained in 11 O.S. 10 [11-10] (1971), or to embrace the entire law on the subject, particularly where the Legislature in Sections 11 and 12 of Title 11 made provision for the sale and disposition of proceeds of sale of securities in which meter deposits are invested. Section 11 provides: "Any or all of the securities purchased as investments under the authority given in Section 1 of this Act may be sold for cash by the governing board of said municipality when, in the judgment of said governing board, as expressed by a resolution passed for that purpose, a sale thereof is necessary or should be made for the purpose of liquidating the same. No sale of such securities shall be made unless notice of the holding of said sale first be given by one publication in a newspaper having a general circulation in the incorporated town or city selling the securities, which said notice shall be published at least ten days before the date of the sale and said notice shall state the time and place at which said sale will be held shall describe briefly the securities to be offered for sale, shall invite bidders to be on hand and make oral cash bids for the securities being offered for sale, and shall advise that the securities being offered for sale will be sold to the highest and best cash bidder at said sale unless the bid of said highest and best bidder represents less money than was expended by the municipality at the time of purchasing said securities plus the interest accrued thereon but not collected during the time said securities were held by the municipality as an investment; provided that said securities shall in no event be sold for less than the prevailing market price." Section 11 O.S. 12 [11-12] provides: "Immediately after the sale of any of the investments made under the provisions of this Act, the proceeds of said sale shall be disposed of by placing an amount of said money exactly equal to the amount invested in the bonds sold, in the fund from which the investment was made. The balance shall be considered to be profit derived from the investment and shall be placed in the fund from which the operation and maintenance expenses of the utility, for which the meter deposits invested were collected, are paid." Since Section 62 O.S. 348.1 [62-348.1] provides for investment in other than securities, certificates of deposit and savings accounts or savings certificates, and Sections 10, 11 and 12 of Title 10 make detailed provision for the investment in and sale of specified securities, it is apparent that the legislative intent is that Section 62 O.S. 348.1 [62-348.1] not govern the investment of meter deposits. A statute which is enacted for the primary purpose of dealing with a particular subject and which prescribes the terms and conditions of that particular subject matter prevails over a general statute which does not refer to said particular subject matter, but contains language which might be broad enough to cover the subject matter if the special statute were not in existence. See State ex rel. Williamson v. Evans, Okl., 319 P.2d 1112 (1958); Reubin v. Thompson, Okl., 406 P.2d 263 (1965). It is, therefore, the opinion of the Attorney General that your question be answered as follows: Treasurers of cities and towns in the State of Oklahoma are required to invest meter deposit monies as required by 11 O.S. 10 [11-10] (1971). (Mike D. Martin)